Alton R. SUTTON, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 21647.

Missouri Court of Appeals,
Southern District,
Division One.

March 25, 1998.

Kent Denzel, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Catherine Chatman, Asst. Atty. Gen., Jefferson City, for Respondent.

Before GARRISON, PREWITT and CROW, JJ.

PER CURIAM.

Alton R. Sutton ("Movant") appeals the motion court's denial of his Rule 24.035[1] motion. He presents two issues on this appeal. First, he contends that the sentencing court relied on information which was outside the record in sentencing him. Second, he alleges that his counsel was ineffective at the sentencing hearing in failing to object to a mischaracterization of his role in the crime, and in failing to present evidence contrary to that characterization. We affirm.

Movant was charged with the Class C felony of forgery, § 570.090.1(4), and was indicted for the unrelated Class A felony of robbery in the first degree, § 569.020. The robbery charge arose from an incident in which Movant's brother and Brandon Stevens entered the home of Joann Dorser ("Victim"), after Movant and his girlfriend drove them there. Victim was severely beaten, apparently by Stevens, and the keys to a bar she owned were taken. We gather from the record that this was part of a plan to enter the bar and steal money from a safe believed to be located there. When Movant and his girlfriend returned to pick up his brother and Stevens, the latter had blood on him and made statements indicating that he thought he had killed Victim. They then went to a truck stop where Movant used the phone. Later, they drove to Victim's bar, where Movant used the keys to enter the business and look for the safe.

Movant and the State entered into a plea agreement in which the robbery charge was reduced to second degree robbery, § 569.030, and a third charge was dismissed. According to the plea agreement, the sentence for the forgery charge would be five years; each party was entitled to argue for a sentence on the robbery charge of between seven and ten years; and Movant would request, and the State would oppose, probation. The trial court accepted Movant's guilty plea, and sentenced him to five years on the forgery charge, and ten years on the robbery charge. It ordered the sentences to run concurrently, and denied probation.

Movant thereafter filed a *pro se* motion pursuant to Rule 24.035 which was later amended by appointed counsel. The motion court denied these motions after an evidentiary hearing. This appeal followed.

Review of the motion court's denial of post-conviction relief is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. Rule 24.035(k); *Wilson v. State*, 813 S.W.2d 833, 835 (Mo.banc 1991). The findings of the motion court are presumptively correct, and are deemed clearly erroneous

---

1. All rule references are to Missouri Rules of Criminal Procedure (1997), and all statutory references are to RSMo 1994, unless otherwise indicated.

only if, after reviewing the entire record, the court is left with the definite and firm impression that a mistake has been made. *Id.*

In his first point, Movant contends that the motion court clearly erred in denying his Rule 24.035 motion because it utilized information outside the record, without advance notice, in sentencing him. Consequently, he argues that he did not have an opportunity to refute the information, or to cross-examine the person who furnished it. This point relates to the italicized part of the following statement made by the trial court immediately after it sentenced Movant on the robbery charge:

> *Mr. Sutton, I have had occasion to interview Mr. Stevens in court,* and I have read many letters that you have written to me from jail. It all convinces me that this is one of those cases where probation has to be denied.
>
> You are still attempting to manipulate the matters before the Court in the same manner that you manipulated those young folks to go into the home, you say not to do any violence, but instead to steal something. But it's still the kind of manipulation. It's one thing to have a drug problem. It's another thing to engage in this kind of activity, so probation is denied.

Movant cites *Spencer v. State,* 776 S.W.2d 428 (Mo.App. S.D.1989), in support of his contention that he is entitled to be re-sentenced by a "neutral judge." In *Spencer,* the trial court, after announcing its sentence, said, "There are many people that believe you should be put away." *Id.* at 431. Subsequently, the trial court added, "You were sentenced to fifteen years in the penitentiary, but you were not committed, and there were very powerful interests for wanting you put away and still believe that you should be put away. There are people today that believe you should be incarcerated, have no doubt of that." *Id.* at 432. The trial court also said, "There were powerful people that said, 'This guy is a nut, and he's not only a nut, he's a dangerous nut,' ..." and, "If I thought you were as bad as some people do, you would be in the penitentiary." *Id.* On appeal, this court remanded the case to the motion court for an evidentiary hearing to determine how the sentiments referred to were communicat-

ed to the judge, and what effect they had on the sentencing decisions. *Id.* at 437. In doing so, the court noted that the people and interests referred to in the sentencing judge's comments were not identified, the method by which their sentiments were communicated was not disclosed, and the content of the communications were unknown. *Id.*

In *Spencer,* the issue was whether the movant was entitled to an evidentiary hearing to determine the validity of his contention that he was denied the right to be sentenced by a fair and impartial judge. Here, the issue is whether the motion court clearly erred in denying relief to Movant after an evidentiary hearing. At that hearing, Movant's plea counsel testified that he was not aware of what Stevens may have told the court. Movant made no attempt at the evidentiary hearing, however, to demonstrate what Stevens told the court, or how it might have prejudiced his sentencing. Movant had the burden of proving his claims for relief by a preponderance of the evidence. Rule 24.035(I); *Jones v. State,* 773 S.W.2d 156, 158 (Mo.App. E.D.1989). It was his burden, therefore, to demonstrate at the evidentiary hearing that he was prejudiced by the events about which he complains. Because he has failed to do so, we are unable to conclude that the motion court's denial of his motion was clearly erroneous. Movant's first point is denied.

In Movant's second point, he contends that his plea counsel was ineffective in failing to object, at sentencing, to a mischaracterization of his role in the crime, and in not presenting evidence that he was not the leader of the group of people involved. This contention relates to the following statement made by the prosecutor at sentencing: "[Movant] was the eldest of this group. He used young people to get money for him and as a result of that, a human being's life has been ruined." He argues that had plea counsel objected and presented evidence to refute the statement, there was "a reasonable probability ... that [he] would have received probation or a shorter sentence." As in his first point, he attacks his sentence, and not the validity of his plea.

After a plea of guilty, a claim of ineffective assistance of counsel is ordinarily

relevant only to the extent that it affected the voluntariness of the plea. *See Wilkins v. State,* 802 S.W.2d 491, 497 (Mo.banc 1991), *cert. denied,* 502 U.S. 841, 112 S.Ct. 131, 116 L.Ed.2d 98 (1991). A claim that counsel was ineffective during sentencing, however, is cognizable under Rule 24.035. *Griffin v. State,* 937 S.W.2d 400, 401 (Mo.App. E.D. 1997). When attacking the competency of counsel following a guilty plea, however, a movant must show that counsel's errors were so serious that his representation fell below an objective standard of reasonableness, and that these errors affected the outcome of the plea process. *Edwards v. State,* 794 S.W.2d 249, 250 (Mo.App. W.D.1990).

In its findings of fact and conclusions of law, the motion court found that Movant's counsel had not been ineffective by failing to object to the statement in question, or in not offering evidence to refute the statement. The court noted that information presented to it in connection with the sentencing indicated that Movant was a willing participant in the robbery which left Victim with permanent brain damage. The presentence investigation demonstrated that Movant continued his participation in the crime after Stevens returned to the car proclaiming that he had killed Victim. Additionally, Movant introduced his girlfriend's deposition, which indicated that he was involved in discussions in which the robbery was planned. The motion court also referred to the State's allegation, which has not been disputed by Movant, that Movant called Victim's daughter from the jail and inquired, "How's your veggie mom doing?"

The motion court concluded, based on the information before it at the time of sentencing, that there was no reasonable probability that Movant would have received probation or a shorter sentence had his counsel performed as he now contends he should have. Under the circumstances here, we cannot conclude that the motion court's ruling was clearly erroneous. Movant's second point is denied.

The judgment is affirmed.