Reginald HOLT, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 75495.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 28, 1999.

709

Douglas R. Hoff, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Krista D. Boston, Asst. Atty. Gen., Jefferson City, for respondent.

### KENT E. KAROHL, Judge.

Appellant, Reginald Holt (appellant) was convicted of one count of first-degree rape and one count of first-degree sodomy, violations of Sections 566.032 and 566.062 RSMo (1994). On March 24, 1998, we affirmed appellant's convictions on appeal. *See State v. Holt,* 963 S.W.2d 722. Appellant then filed a Rule 29.15 motion for post-conviction relief. The motion court denied appellant's amended motion without an evidentiary hearing. Holt appeals. We affirm.

There was evidence to support a finding of the following facts. On November 16, 1995 appellant was charged with one count of statutory rape and two counts of statutory sodomy. At that time, appellant was the boyfriend of Deanna Williams. Williams has two daughters from a previous marriage to P.T., A.T. and her younger sister N.T. Williams was divorced in 1993 and awarded custody of her two girls. After the divorce, appellant lived with Williams and her two children. The charges against the appellant concerned Williams' children.

P.T. became aware of possible sexual abuse of A.T., then around eight years old, by appellant. He called the police, who instructed him to take A.T. for an interview and a physical examination. A social worker for the Missouri Division of Family Services interviewed A.T. Later, a registered nurse examined her. In light of these abuse allegations, P.T. filed a motion to regain custody of his two daughters. The court appointed a guardian ad litem, Maia Brodie. Ms. Brodie interviewed the children, as well as their father and mother. She took notes concerning those interviews.

On March 3, 1997 the trial court entered an order of *nolle prosequi* to count III (a second count of statutory sodomy), as it pertained to N.T. The remaining two counts, pertaining to A.T., were subsequently tried. Pre-trial, the trial court granted an order compelling Brodie to be deposed by appellant's attorney.[1] Her deposition took place that night. She testified she was unable to reacquire notes she made regarding her conversations with the children. The next day, during the trial, defense counsel verbally requested a continuance on the ground the Brodie deposition was insufficient and incomplete. The oral motion was denied. Defense counsel called Brodie as a witness. Appellant was found guilty on both counts, which we later affirmed. Appellant filed a Rule 29.15 motion and request for an evidentiary hearing. The motion court denied the motion without a hearing.

Appellant argues two points of error. He claims the motion court erred in denying his Rule 29.15 motion without a hearing because, he alleged, trial counsel was ineffective for failure to file: (a) a verified, written motion for a continuance after the

---

1. Prior to appellant's trial, his attorney sought to depose Brodie to question her about the interview she conducted with the children. Brodie agreed to be deposed, but later refused, asserting her conversations with the children were protected by attorney-client privilege.

Brodie deposition; and (b) a motion in limine to prevent witnesses' references to the alleged sodomy of N.T.

■ A movant is entitled to a requested evidentiary hearing on post-conviction claims of ineffective assistance of counsel only if movant alleges facts, not refuted by the record, showing that trial counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney and that he was thereby prejudiced. *White v. State,* 939 S.W.2d 887, 893 (Mo. banc 1997). *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). However, a court may resolve claims for post-conviction relief without a hearing where the motion, files, and records of the case conclusively show the movant is entitled to no relief. *State v. Parker,* 886 S.W.2d 908, 932 (Mo. banc 1994). In addition, where the record reveals defense counsel's conduct constituted reasonable trial strategy, the post-conviction motion court may deny relief without granting an evidentiary hearing. *State v. Johnson,* 930 S.W.2d 456 (Mo.App. W.D.1996).

■ The first point is without merit. Defense counsel interviewed Brodie on the evening of March 3, 1997, after the trial judge issued an order compelling Ms. Brodie to be deposed. At the deposition, she made statements based on memory, because her interview notes were unavailable. The next day, appellant's counsel orally requested a continuance. He told the trial judge that he was considering calling Brodie as a witness, but because she was unable to answer accurately his questions, he was rushed into deciding whether to call her as a defense witness. The trial judge denied the request for a continuance. On March 5, 1997, two days after the deposition, defense counsel called Brodie as a witness. She testified she had reviewed her interview notes since her deposition. During cross-examination, she testified both children "froze up" when asked about the appellant. She further testified that the children indicated they wanted to see their mother, but did not want to see the appellant. Her testimony under cross-examination also tended to impeach Deanna Williams' credibility. She had testified previously as a defense witness. Appellant was convicted of the crimes charged the following day.

■ Defense counsel did not file a verified motion when he sought the continuance. Rule 24.09 requires such motions must be in writing and verified. Failure to submit a written motion for a continuance accompanied by an affidavit is a sufficient ground to deny the motion. *State v. Blades,* 928 S.W.2d 371, 373 (Mo.App. S.D. 1996). However, a trial court may grant an oral motion. Appellant contends counsel's failure to request a continuance in writing so that he could re-depose Brodie after she had reviewed her notes falls below the standard of care of a reasonably competent attorney, and appellant was thereby prejudiced. His contention is unsupported by the record and speculative. The trial court did hear argument in chambers concerning the oral motion. Appellant did not allege and there are no facts from the trial record to support a finding a written motion would have been sustained or that it would have been reversible error if it were denied. Appellant has therefore failed to show how he was prejudiced. Particularly, he failed to allege facts demonstrating that but for counsel's allegedly deficient performance, the result of the trial would have been different. *See White,* 939 S.W.2d at 893. Ms. Brodie's testimony did not serve as independent corroboration of the prosecution's theory of the case. As such, the motion court's denial of appellant's motion for a hearing on this issue was not an error.

■ Appellant's second point contends the motion court erred in denying appellant's post-conviction relief motion without a hearing on his allegation that defense counsel was ineffective for failing to file a motion in limine to prevent witnesses from referring to the appellant's

alleged sodomy of N.T. These alleged acts were the subject of Count III, a charge that was not tried. The state requested and the court ordered a *nolle prosequi* before trial on Count III. Motions in limine are ordinarily used to exclude evidence during jury trials that would be unfairly prejudicial or inflammatory. *Cass Bank & Trust Co. v. Mestman*, 888 S.W.2d 400, 404 (Mo.App. E.D.1994). A motion is appropriate when the mere asking of an improper question in front of the jury panel may be so prejudicial that a party could be denied the right to a fair trial. *Id.* Appellant has not alleged any facts to support a finding that the state made statements or introduced evidence at the trial indicating appellant sodomized an uncharged victim. During the trial, the state was not responsible for eliciting such references. Witnesses from both sides, as well as defense counsel, volunteered more references, which were indirect in nature. Appellant's failure to allege facts warranting relief support denial of the postconviction relief motion without a hearing. Point denied.

We affirm.

WILLIAM H. CRANDALL, Jr., P.J. and MARY K. HOFF, J. concur.