Bertrand EICHELBERGER, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 60174.

Missouri Court of Appeals,
Western District.

March 19, 2002.

Tara L. Jensen, Asst. Public Defender, Kansas City, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, MO, for respondent.

Before JOSEPH M. ELLIS, Presiding Judge, EDWIN H. SMITH, Judge and VICTOR C. HOWARD, Judge.

JOSEPH M. ELLIS, Presiding Judge.

Bertrand Eichelberger appeals from the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing.

On August 9, 1999, in accordance with a plea agreement with the State, Appellant appeared before the circuit court and entered pleas of guilty to one count of statutory sodomy, two counts of child molestation, and one count of misdemeanor sexual misconduct. He also entered an *Alford*[1] plea of guilty to one count of statutory sodomy. In conjunction with those pleas, Appellant admitted committing various sexual acts on an eight-year-old boy on January 30, 1999. In exchange for Appellant's pleas, the State agreed not to recommend a total sentence of more than eighteen years and to dismiss a sixth count in the indictment.[2]

The plea court accepted Appellant's pleas and found Appellant guilty of two counts of statutory sodomy in the first degree, two counts of child molestation in the first degree, and one count of misdemeanor sexual misconduct. Subsequently, on October 1, 1999, following a sentencing hearing, the plea court sentenced Appellant to concurrent terms of fifteen years

---

**1.** *See North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

**2.** The record on appeal does not contain the indictment entered against Appellant, however-er, in his brief, Appellant states that the count that was dismissed was a third count of statutory sodomy.

on each sodomy count, seven years on each child molestation count, and one year for misdemeanor sexual misconduct.

On January 11, 2000, Appellant filed a timely *pro se* motion for post-conviction relief under Rule 24.035. On July 14, 2000, appointed counsel filed an amended motion. The only issue raised in Appellant's motion was a claim that plea counsel had been ineffective for failing to investigate and call certain character witnesses to testify during the sentencing hearing and that he would not have entered his pleas if he had known counsel would not follow his instructions in that regard. Appellant claimed to have asked counsel to contact and call seventeen different individuals as character witnesses and that counsel refused to call any of them for fear of angering the judge.

On May 31, 2001, the motion court entered its order denying Appellant's motion without an evidentiary hearing. In denying Appellant's claim, the trial court specifically found that Appellant's challenge related solely to the effectiveness of counsel at sentencing and that counsel's actions at sentencing could not have affected the voluntariness and knowledge of his plea. For this reason, the motion court held that a claim that counsel was ineffective based upon actions of counsel during the sentencing phase were not cognizable in a Rule 24.035 motion.

On appeal, Appellant contends that the motion court erred in denying his motion without an evidentiary hearing. Appellant argues that the motion court improperly found that claims related to counsel's performance during sentencing were not cognizable in a Rule 24.035 motion and that an evidentiary hearing should have been conducted on his motion.

■■ Our review of the motion court's decision on a Rule 24.035 motion is limited to determining whether its findings of fact and conclusions of law are clearly erroneous. *Rollins v. State*, 974 S.W.2d 593, 595 (Mo.App. W.D.1998). "The motion court's findings and conclusions are clearly erroneous only if a review of the entire record by the appellate court results in a definite and firm impression that a mistake has been made." *Copas v. State*, 15 S.W.3d 49, 53 (Mo.App. W.D.2000).

■■ In its brief, the State concedes, as it must, that the motion court erred in holding that Appellant failed to state a cognizable claim because it related to counsel's actions during the sentencing phase. While claims of ineffective assistance of counsel in a Rule 24.035 motion are largely limited to actions on the part of counsel that affected the voluntariness of the plea, claims that counsel was ineffective during sentencing are cognizable under Rule 24.035. *Sutton v. State*, 966 S.W.2d 337, 339-40 (Mo.App. S.D.1998) (citing *Griffin v. State*, 937 S.W.2d 400, 401 (Mo.App. E.D.1997)); *See also Adams v. State*, 951 S.W.2d 722, 724 (Mo.App. W.D. 1997) ("Trial counsel's performance at the sentencing portion of a criminal proceeding is cognizable under Rule 24.035."). Accordingly, the motion court misstated the law and clearly erred in rejecting Appellant's motion for failing to state a cognizable claim.

■■ Notwithstanding its concession that the motion court erred, the State argues that the court's decision must be affirmed if it is sustainable on any grounds, citing *State v. Bradley*, 811 S.W.2d 379, 383 (Mo. banc 1991).[3] The State then asserts that

3. *State v. Bradley,* 811 S.W.2d 379, 383 (Mo. banc 1991), involved a petition for post-conviction relief under Rule 29.15, however, the

Southern District applied the same principle to a Rule 24.035 motion in *Bass v. State,* 807 S.W.2d 523, 527 (Mo.App. S.D.1991).

the record clearly refutes the allegations in Appellant's motion and that his motion could have properly been denied without an evidentiary hearing on that basis.

■ "To obtain relief on claims of ineffective assistance of counsel, Appellant must establish: (1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) that he was thereby prejudiced." *Weston v. State,* 2 S.W.3d 111, 114 (Mo.App. W.D.1999) (citing *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)).[4] In order to be entitled to an evidentiary hearing on his Rule 24.035 motion, a movant must satisfy three requirements: "(1) the movant must allege facts, not conclusions, which, if true, would warrant relief; (2) the alleged facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant." *Nunn v. State,* 23 S.W.3d 910, 913 (Mo.App. W.D. 2000). "[A] court may resolve claims for post-conviction relief without a hearing where the motion, files, and records of the case conclusively show the movant is entitled to no relief." *Holt v. State,* 24 S.W.3d 708, 710 (Mo.App. E.D.1999). "[W]here the record reveals defense counsel's conduct constituted reasonable trial strategy, the post-conviction motion court may deny relief without granting an evidentiary hearing." *Id.*

In arguing that Appellant's claim of ineffective assistance of counsel was clearly refuted by the record, the State relies solely upon the following averment contained in Appellant's motion:

> On the day Mr. Eichelberger was to be sentenced Mr. Moore told Mr. Eichelberger that he would call only one witness, a psychiatric expert who would testify as to Mr. Eichelberger's likelihood to reoffend. Mr. Eichelberger asked Mr. Moore why he would not call the other witnesses—many of whom Mr. Eichelberger had contacted and were present in court that day. Mr. Moore responded by saying that he would not call Mr. Eichelberger's witnesses because he thought that by presenting supportive witnesses he would make the court 'mad.'

The State argues that it was reasonable for counsel to conclude that calling character witnesses might make the court mad and that avoiding a course of action that might anger the court constitutes a reasonable trial strategy and cannot be construed as ineffective assistance of counsel.

In addressing the State's argument, we must determine whether the record conclusively establishes that counsel's failure to investigate or call the witnesses was a matter of reasonable trial strategy and "conform[ed] to the degree of skill, care and diligence of a reasonably competent attorney." *Weston,* 2 S.W.3d at 114 (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064).

■ The State's argument fails to address Appellant's claim that trial counsel was ineffective for failing to contact and investigate the proposed witnesses. In his

---

**4.** "When attacking the competency of counsel following a guilty plea, ... a movant must show that counsel's errors were so serious that his representation fell below an objective standard of reasonableness, and that these errors affected the outcome of the plea process." *Sutton v. State,* 966 S.W.2d 337, 340 (Mo.App. S.D.1998) (citing *Edwards v. State,* 794 S.W.2d 249, 250 (Mo.App. W.D.1990)). "Thus, after appellant's guilty plea, the effectiveness of his trial counsel is immaterial except to the extent that he would have received a lesser sentence had it not been for his trial counsel's alleged trial error." *Adams v. State,* 951 S.W.2d 722, 724 (Mo.App. W.D.1997).

motion, Appellant claimed to have given his attorney a list of individuals that he wanted counsel to contact about testifying on his behalf at the sentencing hearing. Appellant alleged that counsel was ineffective for failing to investigate those witnesses. The record does not refute Appellant's claim that counsel failed to question any of the witnesses nor does it reflect that counsel knew what their testimony would be when making the decision not to call them to testify at the sentencing hearing. " 'In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all circumstances, applying a heavy measure of deference to counsel's judgments.' " *State v. Kenley,* 952 S.W.2d 250, 266 (Mo. banc 1997) (quoting *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066). While Appellant bears the burden of overcoming the strong presumption that trial counsel's decision was a matter of trial strategy at the evidentiary hearing on his motion, the record in this case does not conclusively establish that a reasonably competent attorney would not have investigated these witnesses or that Appellant's attorney did not do so as a matter of trial strategy.

 Moreover, the State has failed to cite to any authority supporting its blanket assertion that it is always reasonable trial strategy to avoid doing something that counsel believes might anger the court. The fact that an attorney believes a course of action might anger or irritate the trial judge does not universally make it reasonable for counsel not to take that course of action. Certainly, in some instances, an attorney must risk weathering the wrath of an angered court in order to best represent the interests of his or her client and failing to do so could constitute ineffective assistance.

The record before us does not conclusively establish that a reasonably compe-

tent attorney would not have interviewed or called these witnesses to testify at the sentencing hearing, regardless of whether calling such witnesses might irritate the judge. In fact, the pleadings and other records in the case do not even conclusively show that a reasonably competent attorney in the same situation would have believed calling these witnesses might have angered the plea court.

In sum, we find that the motion court clearly erred in denying Appellant's motion for failing to state a cognizable claim. Furthermore, since Appellant's allegations are not conclusively refuted by the record, the case must be remanded for an evidentiary hearing on the motion.

The judgment is reversed, and the cause is remanded to the motion court to conduct an evidentiary hearing on Appellant's motion.

All concur.

