**Creig WASERMAN, Movant–Appellant,**

**v.**

**STATE of Missouri, Respondent–Respondent.**

No. 24974.

Missouri Court of Appeals,
Southern District,
Division One.

March 20, 2003.

Kent Denzel, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Dora A. Fichter, Assistant Attorney General, for Respondent.

PHILLIP R. GARRISON, Judge.

Creig Waserman ("Movant") pleaded guilty to forgery, a violation of Section 570.090,[1] and failure to appear, a violation of Section 544.665. The trial court found Movant to be a prior and persistent offender under Sections 558.016 and 557.036 and sentenced him accordingly to consecutive terms of twenty years imprisonment for forgery and ten years imprisonment for failure to appear. This is an appeal from the denial of Movant's Rule 24.035[2] motion to vacate the trial court's judgment and sentences following an evidentiary hearing. We affirm.

At Movant's January 24, 2001 plea hearing, the State declared that if the case were tried the State would prove

with respect to Count I ... that on or about the date charged in the information that here in Jasper County [Movant] here in fact did use as genuine check number 9090, drawn on the account of All Seasons Florist, and at the time purported to have a genuineness that it did not possess. Specifically the evidence would be that three checks were taken from that business and were filled out in the name of [Movant] without the permission or knowledge of the business owners, All Seasons Florist. And that the proceeds were deposited into [Movant's wife's] bank account at Southwest Missouri Bank and that [Movant] was the person who was involved in those transactions.

With respect to Count II, the evidence would be that while [Movant] was awaiting trial on that charge and other charges here in this court he failed to appear before this Court for his trial setting on April 26 of 1999 and this Court issued a capias, capias warrant. He eventually was apprehended, I believe in the state of Maryland, and brought back for further proceedings.

Movant admitted the truth of the State's allegations to the trial court. The court accepted Movant's pleas after finding that they had been made knowingly and voluntarily. On March 30, 2001, Movant was sentenced as described above.

On May 29, 2001, Movant filed a *pro se* motion for post-conviction relief under Rule 24.035. On September 17, 2001, his post-conviction counsel filed a statement in lieu of amended motion in which he stated he did not intend to file an amended motion, as he had reviewed the court file, transcripts, plea counsel's files, and documentation from Movant and determined Movant's *pro se* motion contained all claims and pertinent facts known to him.

---

1. References to statutes are to RSMo (2000) unless otherwise indicated.

2. References to rules are to Missouri Rules of Criminal Procedure (2002) unless otherwise indicated.

On April 19, 2002, the motion court held an evidentiary hearing on Movant's Rule 24.035 motion, during which evidence was admitted via Movant's prior deposition and the testimony of Movant's plea counsel, Darren Wallace ("Wallace"). The motion court issued its findings of facts and conclusions of law on April 26, 2002, in which it denied Movant's request for post-conviction relief. This appeal follows.

In Movant's first point, he alleges the motion court clearly erred in denying his Rule 24.035 motion because Movant received ineffective assistance of counsel in that Wallace failed to present evidence to the trial court that would have mitigated the sentence imposed. Specifically, Movant claims Wallace "had available but failed to present evidence that the victims received restitution before sentencing, that [Movant's] criminal history was not as extensive as was reported by the [State], and that there were numerous errors in the [pre-sentence investigation]." Additionally, Movant complains that Wallace did not read to the court a letter in which Movant listed mitigating factors he believed the court should consider.

Our review of the denial of a Rule 24.035 motion for post-conviction relief is limited to a determination whether the findings of facts and conclusions of law of the motion court were clearly erroneous. Rule 24.035(k). Such findings are clearly erroneous only if a review of the entire record results in our being left with the definite and firm impression that a mistake has been made. *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000).

In order to prevail on a claim of ineffective assistance of counsel, a movant must establish that his attorney's performance failed to conform to the degree of skill, care and diligence of a reasonably competent attorney, and that he was prejudiced thereby. *Strickland v. Washing-ton*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Where, as here, a movant pleads guilty, claims of ineffective assistance of counsel are considered only insofar as they allege counsel's performance affected the voluntariness or understanding with which the plea of guilty was entered. *State v. Roll*, 942 S.W.2d 370, 375 (Mo. banc), *cert. denied*, 522 U.S. 954, 118 S.Ct. 378, 139 L.Ed.2d 295 (1997).

The motion court held an evidentiary hearing on Movant's claims, in which Movant's testimony was presented through admission of his prior deposition. In that deposition, Movant testified that while he was an employee of All Seasons Florist he negotiated a contract with the owners for the purchase of the business. He testified that he incurred expenses on behalf of the business in preparation for the purchase, but that the transaction did not take place due to a breakdown in his relationship with the owners.

According to Movant, he reimbursed the owners for their loss on the check Movant pled guilty of forging and informed Wallace of the reimbursement, but Wallace failed to present to the trial court available documents to prove that contention. Movant further testified that he disputed alleged inaccuracies in the PSI and asked Wallace to inform the court of the mistakes, but Wallace refused to do so. Movant also testified that he gave Wallace a three-page letter listing mitigating factors that Movant believed applied to his case and asked Wallace to read the letter to the court, but Wallace failed to abide by Movant's wishes. Finally, Movant claimed that his criminal record was not as long as the prosecutor argued at sentencing and that Wallace should have advised the court that some of the charges were dismissed or "closed."

Wallace testified at the evidentiary hearing that his strategy at sentencing was to suggest an appropriate sentence under the sentencing guidelines,[3] to advise the court of any proper mitigating factors, and to argue for the minimum term of imprisonment under the sentencing guidelines. He said he did not argue that Movant reimbursed the owners because he could not confirm that fact, as bank documents did not show that any of the money withdrawn from Movant's account was given to the owners. Wallace further stated that he did not bring to the court's attention Movant's corrections to the PSI because they consisted of Movant's disagreement with the victims' impact statements and Wallace did not believe he could argue that Movant was willing to take responsibility for his action while he continued to dispute the victims' statements. Wallace testified that he did not read Movant's letter to the court because the letter was similarly focused on Movant's disagreement with the owners, and because Wallace believed the mitigating factors listed in the letter were cumulative of arguments made by him in open court and facts contained in the PSI. In response to Movant's claim that he should have corrected the prosecutor's alleged mischaracterization of Movant's criminal record, Wallace testified he discussed Movant's record with him to explain what was a conviction for the purpose of determining the proper range of punishment. He testified he did not believe that probation was realistic because Movant was serving a prison sentence at the time of sentencing, following a parole violation.

At the close of evidence, the court stated:

BY THE COURT: Let me get on the record just for the benefit of any appeal which might follow; the Court is well acquainted with [Movant] through its dealings with him in this case. And the record should reflect that, first of all, the Court finds [Movant] untrustworthy and not believable on most issues and therefore probably not reliable on any issue.

The other thing that the record should reflect and doesn't is that ... there are all kinds of attorneys who appear before the Court. There are some who are aggressive, others who are less aggressive. Some who I will call ranters, others less vociferous.

And the record should reflect that often [Wallace] is complained about by his criminal defendants because he doesn't stand before the Court and put on what I'll affectionately call a dog and pony show. When the truth of the matter is he's more effective, from my prospective, by pointing out those things which have a legitimate chance of succeeding than he is in putting on a dog and pony show.

He is an experienced, capable Public Defender and the defendant who receives him as appointed counsel is indeed fortunate in most cases. That is not to say that [Wallace] is not capable of making a mistake ... but the record should reflect that the Court does not count rants when it determines whether or not counsel was doing an effective job of representing his client.

Subsequently, the court issued findings of fact and conclusions of law that included the following:

[T]he Court initially notes that Movant testified under oath, immediately after he received the sentence he is now

---

**3.** This apparently is a reference to sentencing guidelines promulgated by the Missouri Sentencing Advisory Commission, which established a system of recommended sentences for each felony committed under the laws of Missouri.

challenging, that he was completely satisfied with [his] representation, and that [Wallace] neither did nor failed to do anything contrary to what Movant would have wished. Movant's testimony at that time comported with the Court's own observations of [Wallace's] performance, both at the sentencing and at the previous guilty plea hearing. Accordingly, the Court found at the time that there was no probable cause for a finding of ineffective assistance of counsel. Although the Court has carefully considered Movant's Rule 24.035 motion and all evidence adduced at the evidentiary hearing, there has been no evidence to persuade the Court that its previous finding was in any way erroneous or deficient.

Movant relies on *Eichelberger v. State*, 71 S.W.3d 197 (Mo.App. W.D.2002), in arguing it was unreasonable for Wallace to avoid presenting details about Movant's disagreement with the victims over the failed business transaction because Wallace had a duty to do what was best for his client and present all evidence that Movant wanted him to present.

Movant's reliance on *Eichelberger* is misplaced. In *Eichelberger*, the motion court denied, without an evidentiary hearing, the defendant's claim of ineffective assistance of counsel for failure to call at sentencing seventeen character witnesses the defendant asked him to contact. *Id.* at 199. The defendant's motion alleged that counsel refused to call the witnesses because he feared that it would anger the judge and that, as a result, the sentencing court heard the testimony of only one witness, a psychiatric expert, who testified about the likelihood of the defendant reoffending. *Id.* at 200. The western district of this court held that the record did not conclusively refute the defendant's allegation that counsel's conduct was unreason-

able because it did not show that counsel investigated the witnesses, that he knew what their testimony would have been, and counsel's decision not to call the witnesses for fear of angering the court was not reasonable because "in some instances, an attorney must risk weathering the wrath of an angered court in order to best represent the interests of his or her client[.]" *Id.* at 201.

Unlike in *Eichelberger*, the motion court here held an evidentiary hearing and heard Wallace's testimony that he reviewed all information given to him by Movant and made a strategic decision to avoid undermining his argument to the court by revealing that Movant was still in disagreement with the owners. Contrary to the evidence in *Eichelberger*, this testimony supported the motion court's finding that Wallace made a reasonable strategic decision not to bring attention to Movant's disagreement. Moreover, here the motion court specifically found that Wallace was more effective for not arguing irrelevant points and that Movant could not, therefore, show that Wallace failed to act as a reasonably competent attorney by adopting an approach preferred by the court.

In light of the foregoing, Movant has failed to show that the motion court clearly erred in finding that Wallace's performance was not deficient. Wallace testified he was unable to confirm Movant's allegation that he reimbursed the owners and that he decided not to present to the court Movant's corrections to the PSI and Movant's letter to the court because they undermined his argument that Movant was willing to take responsibility for his actions. Wallace reasonably believed that probation was an unlikely sentence in light of Movant's criminal record and concentrated on arguing that the court should impose concurrent sentences within the guidelines. The motion court found Wal-

lace's testimony credible and his strategy of arguing those factors which had a legitimate chance of succeeding more effective than vigorously presenting arguments that had no chance of success. In light of the motion court's finding that counsel's strategy was reasonable and effective, Movant cannot show that his counsel's performance was deficient.

■ In any event, Movant cannot show, as required by *Strickland*, that he was prejudiced by Wallace's actions. In its findings of fact and conclusions of law, the motion court stated that

[a]s to [prejudice], this Court still would have given Movant exactly the same sentence, even had the Court heard and believed (which it does not) at the sentencing hearing all of Movant's deposition testimony and all other evidence which Movant now asserts and claims to be favorable to his position. The Court notes, at the outset that it is not required to believe a PCR movant's testimony, even if uncontradicted, and the Court does not believe Movant's testimony in this case. As stated at the hearing, the Court does not consider Movant to be a credible witness. However, even if the Court believed all of Movant's allegedly favorable testimony and evidence, the Court would not change its sentence. The allegedly "mitigating factors" now advanced by Movant do not impress the Court, and are greatly outweighed by the circumstances which caused the Court to impose the original sentence. Although the Court listened to and considered both the State's and [Wallace's] arguments at sentencing, the Court made its own independent determination about the appropriate sentence in the underlying criminal case. After considering all of Movant's PCR evidence, whether

credible or not, the Court remains convinced that its original sentence was appropriate and correct, and the Court would have imposed the same sentence even had [Wallace] then done everything that Movant now complains that he should have done.

7. Although the Court believes the above findings adequately address and dispose of the issues herein, the Court also will make the following additional findings with respect to Movant's specific allegations:

a. The Court is not, and would not have been, persuaded by Movant's claim regarding his alleged restitution to the victim[s]. It appears from the evidence that the only "restitution" was approximately $163 that the bank involuntarily recovered when it reversed the bounced check and closed [Movant's ex-wife's] account. This does not impress the Court as a reason to lessen Movant's sentence.[4]

b. Movant complains of [Wallace's] alleged failure at sentencing to mention certain alleged PSI corrections and a three-page letter of mitigating circumstances written by Movant. The Court finds from the evidence that such matters were not presented or argued to the Court at sentencing as a matter of trial tactics, which were discussed between [Wallace] and Movant prior to sentencing, and in which decision Movant at least tacitly agreed, as evidenced by his post-sentencing testimony that he was satisfied with [Wallace's] services and that [Wallace] neither did nor failed to do anything he

4. The check Movant was charged with forging was for $1,564.63.

should have done. In addition, having now reviewed these PSI corrections and letter, the Court agrees that [Wallace's] tactical decisions were reasonable and correct.

. . . .

e. Movant also complained of the prosecutor's sentencing comments, and [Wallace's] failure to object thereto. The Court finds there was nothing improper about the prosecutor's sentencing comments; therefore, [Wallace] had no reason to object. Furthermore, the Court has already noted that Movant's sentence result [sic] from the Court's independent determination, with little or no consideration being to the prosecutor's comments.

In our view, these specific findings forecloses the possibility Movant could show prejudice from Wallace's actions. *See Adams v. State*, 951 S.W.2d 722, 724 (Mo. App. W.D.1997) (to show prejudice the defendant must show that he would have received a lesser sentence were it not for his counsel's deficient performance at sentencing).

Because Wallace's strategic decision to present only relevant evidence and to argue for the minimum sentence for which Movant was eligible under the sentencing guidelines was not deficient, and in light of the motion court's finding that this strategy was reasonable and that Movant suffered no prejudice from Wallace's action, Movant cannot show under this point that the motion court clearly erred in denying his claim after an evidentiary hearing. Point one is denied.

█ In Movant's second point, he assigns plain error to the trial court for its acceptance of Movant's guilty pleas and its subsequent sentencing of Movant, claiming Movant's due process rights were violated in that no factual basis for the guilty pleas was furnished by the State. Movant claims this alleged lack of a factual basis for the pleas stripped the trial court of jurisdiction to accept his pleas or pronounce sentence.

The allegations contained in this point are not raised in Movant's *pro se* motion. In response to this omission, the State argues Movant's second point has not been preserved for this court's review, correctly noting that under Rule 24.035(d) motions for post-conviction relief must include all claims of error; those not raised therein are deemed waived. *See Salmons v. State*, 16 S.W.3d 635, 638 (Mo.App. W.D.2000). Movant posits, however, that the lack of a factual basis for accepting a guilty plea implicates the court's subject matter jurisdiction, relying on Rule 24.02(e), which states that "[t]he court *shall not* enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea," and *Searcy v. State*, 981 S.W.2d 597, 598–99 (Mo.App. W.D.1998) (" 'jurisdiction,' as applied to criminal courts, refers to the power of a court to hear and resolve the case of a criminal offense, *to render a valid judgment*, and to declare punishment") (emphasis added).

█ Movant's claim that Rule 24.02(e) implicates a court's jurisdiction is unavailing. That rule's requirement that there be a factual basis for a guilty plea "is not jurisdictional." *State v. Henry*, 88 S.W.3d 451, 457 (Mo.App. W.D.2002) (citing *Sales v. State*, 700 S.W.2d 131, 133 (Mo.App. S.D.1985)). As this court has previously stated, the rule's purpose is to "aid in the constitutionally required determination that a defendant enter a plea of guilty intelligently and voluntarily." *Sales* at 133. "When the trial court enters a judgment on a guilty plea that is not supported

by a factual basis, the judgment is not rendered invalid for lack of subject matter jurisdiction." *Henry* at 457. This being the case, there remains no basis for deeming Movant's second point properly preserved for review, and we consequently decline to review its merits.

■ In Movant's third and final point, he contends the motion court clearly erred in not determining *sua sponte* whether Movant was abandoned by his post-conviction counsel because counsel "probably" did not render adequate assistance under Rule 24.035 in that he failed to investigate whether the facts supported the claims made in Movant's *pro se* motion and whether Movant included therein all cognizable claims of error. More specifically, Movant alleges that "even a cursory review of the guilty plea transcript indicates" a lack of sufficient factual basis for Movant's pleas of guilty, that Movant was misadvised as to the permissible range of punishment, rendering his pleas involuntary, and that the trial court was required under these circumstances to hold a hearing on the issue of abandonment.

Rule 24.035(e) mandates that post-conviction counsel

shall ascertain whether sufficient facts supporting the claims [in a movant's *pro se* motion] are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims.

Subsequent to Movant's filing of his *pro se* motion, his appointed post-conviction counsel filed a statement in lieu of amended motion in which he stated he had reviewed the court file, transcripts, plea counsel's files, and documentation from Movant and determined Movant's *pro se* motion contained all claims and pertinent facts known to him. Movant now claims two separate meritorious claims were not included in his *pro se* motion, namely, that no factual basis for his guilty pleas was before the trial court, and that he was misadvised concerning the permissible range of punishment he faced, given his status as a prior and persistent offender.

In considering Movant's final point, it is well to initially distinguish, as do both the State and Movant, claims of abandonment of post-conviction counsel from claims of ineffective assistance of post-conviction counsel. *See State v. Ervin,* 835 S.W.2d 905, 928 (Mo. banc 1992), *cert. denied,* 507 U.S. 954, 113 S.Ct. 1368, 122 L.Ed.2d 746 (1993). Both parties correctly acknowledge that the latter are "categorically unreviewable." *State v. Owsley,* 959 S.W.2d 789, 799 (Mo. banc 1997), *cert. denied,* 525 U.S. 882, 119 S.Ct. 191, 142 L.Ed.2d 156 (1998); *see also State v. McClintock,* 913 S.W.2d 124, 128 (Mo.App. S.D.1996) ("post-conviction proceeding cannot be used to challenge the effectiveness of counsel in the post-conviction proceeding"). Therefore, the viability of Movant's third point is contingent upon the accuracy of his characterization of it as a claim of abandonment.

■ Abandonment "means conduct that is tantamount to 'a total default in carrying out the obligations imposed upon appointed counsel' under the rules." *Russell v. State,* 39 S.W.3d 52, 54 (Mo.App. E.D.2001) (quoting *State v. Bradley,* 811 S.W.2d 379, 384 (Mo. banc 1991)). "'Abandonment' is limited to situations where appointed counsel completely and without explanation failed to file a motion on the defendant's behalf, where counsel filed an amended motion untimely, or where counsel filed a motion so patently

defective that it amounted to a 'nullity.'" *Russell* at 54 (internal citations omitted). Only the first of these scenarios is conceivably at issue here. In such settings a hearing to determine the presence or absence of abandonment is required only where the record is devoid of any indication that counsel made an informed determination not to file an amended motion and the record reflects no activity by counsel on a movant's behalf. *Luleff v. State,* 807 S.W.2d 495, 497 (Mo. banc 1991).

The record before us does not reveal abandonment by Movant's post-conviction counsel. First, Movant's counsel met the requirement of *Luleff* when he made a part of the record his determination that no amended motion was required, via his statement in lieu of amended motion. *See Luleff* at 497. In that motion, counsel stated he had "obtained and reviewed copies of documents from the court's file, the transcript of the guilty plea and sentencing, the plea counsel's files and various documents and letters from [Movant] himself ... [and] conclude[d] that no amended motion shall be filed in that the *pro se* motion contains all facts supporting the claims alleged in the motion and the motion includes all claims known to [Movant]." Second, Movant's counsel participated in an evidentiary hearing on Movant's motion, belying any claim that the record reveals no activity by counsel on Movant's behalf. Given the narrow construction of the concept of abandonment of post-conviction counsel evidenced in the cases discussed above, it is apparent to us, based on the record before us, that Movant was not abandoned by his post-conviction counsel. To the extent he complains of counsel's failure to file an amended motion with claims supplemental to those included in his *pro se* motion, Movant's third point is founded on a claim of ineffective assistance of post-conviction counsel and is not reviewable in this court. *See Owsley* at 799; *McClintock* at 127. As such, it is denied.

The judgment of the motion court is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.