**Nicholas D. SAMUEL, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 26121.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 24, 2005.

Kent Denzel, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane Dixon Crouse, Assistant Attorney General, for Respondent.

PHILLIP R. GARRISON, Presiding Judge.

Nicholas D. Samuel ("Movant") appeals from the Circuit Court of McDonald County's denial of his Rule 24.035[1] motion for post-conviction relief based on the plea court's lack of jurisdiction to accept his plea of guilty. We affirm.

Movant was originally charged with the class A felony of assault in the first degree, pursuant to Section 565.050,[2] the unclassified felony of armed criminal action, pursuant to Section 571.015, and the class B felony of burglary in the first degree, pursuant to Section 569.160. According to a plea agreement in which the State agreed to reduce the class A felony of assault to a class B felony, dismiss the charge of armed criminal action, and recommend that the sentences for the remaining two charges run concurrently, Movant filed a petition to enter a guilty plea on September 23, 2002. The plea court accepted his plea and announced that it was sentencing him to concurrent sentences of eleven years for first degree burglary and eleven years for felony assault.

Movant filed a pro se motion for post-conviction relief, pursuant to Rule 24.035, counsel was appointed, and an amended motion was filed. The amended motion alleged that Movant received ineffective assistance of counsel because his plea counsel failed to call mitigation witnesses at Movant's sentencing hearing and did not adequately explain the applicability of the eighty-five percent non-parole eligibility rule. An evidentiary hearing was held

and the motion court entered its findings of fact and conclusions of law denying Movant's motion. This appeal followed.

■ Movant presents one point on appeal. He claims that the motion court plainly erred by failing to *sua sponte* "find that the plea court erred in accepting [Movant's] guilty pleas to the offenses of burglary and first degree assault" in that it was without jurisdiction to accept his pleas or sentence him "because the State did not present a factual basis for either plea." He argues that there was nothing admitted at the plea hearing to show his mental culpability for assault or burglary.

■ Rule 24.02(e) requires that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." By claiming that the motion court erred by not finding, *sua sponte*, that the plea court erred in accepting Movant's guilty pleas because of the lack of a factual basis, he acknowledges that he did not raise the issue in either his pro se motion or amended motion, nor at his evidentiary hearing. When the movant fails to raise an argument in his Rule 24.035 motion or amended motion, that argument is waived. Rule 24.035(d); *Dean v. State*, 950 S.W.2d 873, 877 (Mo.App. W.D.1997). "Claims that have not been presented to the motion court cannot be raised for the first time on appeal." *Id.*

Movant argues, however, that the requirement of a factual basis upon which to accept a plea is jurisdictional, thereby allowing him to raise it for the first time on appeal. He cites *Searcy v. State*, 981 S.W.2d 597, 598–99 (Mo.App. W.D.1998), for the proposition that " 'jurisdiction,' as applied to criminal courts, refers to the

1. All rule references are to Missouri Rules of Criminal Procedure (2003) unless otherwise noted.

2. All statutory references are to RSMo (2000) unless otherwise noted.

power of a court to hear and resolve the case of a criminal offense, to render a valid judgment, and to declare punishment." He argues that this language is jurisdictional in nature and that the court is deprived of jurisdiction when it accepts a plea in violation of Rule 24.02(e). Movant acknowledges, however, our decision in *Waserman v. State*, 100 S.W.3d 854, 861–62 (Mo.App. S.D.2003), in which we specifically rejected an identical claim. He urges us to reexamine our prior decision.

In *Waserman*, the movant claimed, as does Movant here, that the plea court did not have jurisdiction to accept his guilty plea because of a lack of a factual basis for the plea and we found that the Rule 24.02(e) requirement of a factual basis for a guilty plea is not jurisdictional. *Id.* We stated,

> the rule's purpose is to "aid in the constitutionally required determination that a defendant enter a plea of guilty intelligently and voluntarily." "When the trial court enters a judgment on a guilty plea that is not supported by a factual basis, the judgment is not rendered invalid for lack of subject matter jurisdiction."

*Id.* (internal citations omitted). We decline to hold otherwise in this case.

As Movant's claim is not jurisdictional and was not raised in his amended Rule 24.035 motion, we cannot review it for the first time here. Movant's point is denied.

■ Though we have resolved the issue raised in this appeal, another matter presents itself for attention. When the plea court sentenced Movant, it announced that his sentences of eleven years for each count would run concurrently. However, the "Sentence and Judgment" entered by the plea court does not designate whether the sentences for each count would run concurrently or consecutively. "[T]his was a failure to accurately memorialize the judgment the trial court announced in open court, obviously a clerical error." *McDonald v. State*, 141 S.W.3d 526, 530 (Mo.App. S.D.2004). The motion court may correct such an error under Rule 24.035(j), and it should have done so here. Utilizing plain error review, pursuant to Rule 84.13(c), we find that the motion court erred by not correcting this error and we remand to the motion court for it to order entry of a corrected judgment and sentence in the underlying criminal case that complies with the plea court's announcement in open court. *See Id.* at 529–530.

We affirm the motion court's denial of Movant's Rule 24.035 motion, but remand for a correction in the judgment and sentence in the underlying criminal case.

PREWITT and RAHMEYER, JJ., concur.