**Bryan K. COLLINS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 27820.

Missouri Court of Appeals,
Southern District,
Division Two.

June 28, 2007.

Rosalynn Koch, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jaime Wilson Corman, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT S. BARNEY, Judge.

Bryan K. Collins ("Movant") appeals from the motion court's denial of his

Amended Motion to Vacate, Set Aside, or Correct Sentence and Judgment brought pursuant to Rule 24.035.[1]  On November 1, 2004, Movant entered a negotiated *Alford*[2] plea to two counts of the class C felony of assault in the second degree, violations of section 565.060, and one count of the class C felony of burglary in the second degree, a violation of section 569.170.  Movant was sentenced to seven years on each count with the sentences to run concurrently to each other but consecutive to a sentence he was already serving.

In his amended Rule 24.035 motion he asserted:

7.  The claims known to [Movant] for vacating and setting aside his judgments and convictions are:

\* \* \*

(b) [Movant's] attorney rendered ineffective assistance of counsel by advising [Movant] to plea[d] guilty ... after [Movant] had informed her that he had not committed the offenses charged therein.

8.  The facts supporting the claims set out in Paragraph 7 ... or other evidence upon which [Movant] intends to rely to prove such facts are:

\* \* \*

(b) [Movant] advised his attorney that he had not committed the offense alleged ... but his attorney nevertheless advised him to plea[d] guilty and enter into a plea bargain, which was accepted by the Court in a proceeding in which

---

1.  All rule references are to Missouri Court Rules (2006) and all statutory references are to RSMo 2000.

2.  *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).  Movant's *Alford* plea was entered based on a plea agreement with the State of Missouri ("the State").  It appears from the record that Movant was originally charged via Information

with two counts of assault in the first degree; one count of felony armed criminal action; and one count of burglary in the first degree.  In exchange for Movant's *Alford* plea to the three counts detailed above, the State agreed to drop the armed criminal action charge; reduce the assault charges from first degree to second degree;  and reduce the burglary charge from first degree to second degree.

[Movant's] attorney participated, since there was no factual basis for the guilty plea, it should not have been tendered to the Court. . . .

Following an evidentiary hearing on Movant's amended Rule 24.035 motion, the motion court denied his request for relief. Now in this appeal Movant raises one point of motion court error. He maintains the motion court erred in denying his Rule 24.035 motion because he received ineffective assistance of counsel

in that the record shows that [Movant] pled guilty to burglary despite the lack of showing that he knowingly remained unlawfully in the victims' home; and to second degree assault, despite the lack of showing that he attempted to kill or cause serious physical injury to the victims when he struck them with the bat.

"After a plea of guilty, a claim of ineffective assistance of counsel is ordinarily relevant only to the extent that it affected the voluntariness of the plea." *Sutton v. State,* 966 S.W.2d 337, 339–40 (Mo.App. 1998); *see Wilkins v. State,* 802 S.W.2d 491, 497 (Mo. banc 1991). "A claim that counsel was ineffective during sentencing, however, is cognizable under Rule 24.035." *Sutton,* 966 S.W.2d at 340. "When attacking the competency of counsel following a guilty plea, however, a movant must show that counsel's errors were so serious that his representation fell below an objective standard of reasonableness, and that these errors affected the outcome of the plea process." *Id.*

At the evidentiary hearing on his motion, Movant made no assertions that his trial counsel failed to adequately explain the charges against him or failed to object to the factual basis underlying his plea. In fact, in his testimony at the evidentiary hearing, Movant asserted his trial counsel wrongly advised him to plead guilty because she had failed to investigate three potential witnesses and she failed to explore certain issues relating to one of the victim's in his case.[3]

Accordingly, the issue raised in Movant's point relied on was not presented to the motion court in his Rule 24.035 motion and cannot be raised for the first time on appeal. *Day v. State,* 208 S.W.3d 294, 295 (Mo.App.2006); *see Amrine v. State,* 785 S.W.2d 531, 535 (Mo. banc 1990) (holding that "[c]laims which were not presented to the motion court cannot be raised for the first time on appeal"). Moreover, plain error review is not available to Movant because the appellate court lacks jurisdiction to consider claims not raised in Movant's post-conviction motion. *Edwards v. State,* 954 S.W.2d 403, 408 (Mo.App.1997). Movant's appeal is dismissed.

GARRISON, J., and BATES, C.J., concur.

---

**3.** We also note that in his argument in support of his sole point relied on he asserts, in part, that under Rule 24.02(e) there was no factual basis for his guilty plea. Rule 24.02(e) requires that "[t]he court shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." The determination of whether there has been a factual basis for a plea is one for the trial court receiving the plea of guilty. *See Samuel v. State,* 156 S.W.3d 482, 483 (Mo.App.2005). Movant has not attacked the trial court's determination relating to the factual basis for the plea. Movant "filed a Rule 24.035 motion but did not include therein an allegation of [the trial court's] noncompliance with Rule 24.02, i.e., accepting a plea without the existence of a factual basis." *State v. Sexton,* 75 S.W.3d 304, 308 (Mo.App.2002). Movant has waived any claim that there was an insufficient factual basis for the trial court to accept his plea under Rule 24.02. *See id.*