**Garry Wayne ADAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 53454.**

Missouri Court of Appeals, Western District.

Sept. 9, 1997.

Gary E. Brotherton, Asst. Public Defender, Columbia, for Appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for Respondent.

Before EDWIN H. SMITH, P.J., and BERREY and ELLIS, JJ.

EDWIN H. SMITH, Presiding Judge.

Garry Wayne Adams was charged as a prior and persistent offender in the Circuit Court of Saline County with one count of first-degree assault, § 565.050,[1] and one count of possession of a controlled substance, § 195.202. The case was transferred on a change of venue to Lafayette County, where appellant appeared before the Honorable Robert Ravenhill and pled guilty pursuant to a plea agreement. In return for his pleas, the State recommended that the sentences imposed by the court run concurrently. In compliance with the plea agreement, the court sentenced appellant as a persistent offender to a term of life imprisonment for the first-degree assault and a term of ten years imprisonment for the possession of a controlled substance, to run concurrently.

In appealing the denial of his Rule 24.035 motion after an evidentiary hearing, appellant claims that he received ineffective assistance of counsel because he would have received a lighter sentence if his trial counsel would have objected to improper statements made by the victim's father and grandmother in their victim impact testimony, in which the father and grandmother asked the trial court to give appellant the maximum sentence possible for the assault.

We affirm.

### Facts

The appellant, Garry Wayne Adams, was charged as a prior and persistent offender in Saline County with one count of first-degree assault against A.N.V., a four-year-old girl, and one count of possession of methamphetamine, which is a controlled substance. On a change of venue, the cause was transferred to Lafayette County. Appellant pled guilty to both counts on July 11, 1995, pursuant to a plea agreement. In compliance with the plea agreement, the State recommended concurrent sentences. At the plea hearing, the court examined appellant as to the voluntariness of his plea and the effectiveness of his trial counsel, to which appellant expressed his satisfaction. On September 25, 1995, appellant appeared for sentencing. During the

victim impact testimony portion of the sentencing hearing, two witnesses testified. Without objection, the victim's grandmother testified that she "d[id]n't think that any sentence that [appellant] receive[d] would be punishment enough." Also without objection, the victim's father testified to the following:

Q: (the State) ... In essence, you feel that [a] life [sentence] is appropriate in these circumstances?

A: (the victim's father) Yeah.

Q: Would you like to tell the Judge anything else?

A: I know my life will never be the same and my daughter's will never be the same because of this man. And not to give him the maximum, in my eyes, is not justice of what he done [sic] to my daughter.

Pursuant to Rule 29.07(b), the court again questioned appellant as to the effectiveness of his trial counsel, and appellant stated that there was nothing he wanted to say to the court outside of his trial counsel's presence. It found that there was no probable cause to find that appellant had received ineffective assistance of counsel. The court then sentenced appellant as a prior and persistent offender to a term of life imprisonment for the assault and ten years imprisonment for the possession of a controlled substance, to run concurrently.

On December 19, 1995, appellant filed a *pro se* Rule 24.035 motion, alleging that he received ineffective assistance of counsel because his trial counsel failed to object to impermissible victim impact testimony that suggested he should receive the maximum sentence possible. Counsel was appointed and filed an amended Rule 24.035 motion on February 8, 1996. Following an evidentiary hearing, the motion court overruled appellant's Rule 24.035 motion on September 11, 1996.

This appeal follows.

### Standard of Review

Appellate review of the denial of a postconviction relief motion is not a *de novo* review; rather, the findings of fact and conclusions of

1. All statutory references are to RSMo 1994, unless otherwise noted.

law of the motion court are presumptively correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). Review of a motion court's actions is limited to a determination of whether the trial court's findings and conclusions are clearly erroneous. Rule 24.035; *State v. Driver*, 912 S.W.2d 52, 54 (Mo. banc 1995). Findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Wilson*, 813 S.W.2d at 835.

### Discussion

In his sole point on appeal, appellant claims that the trial court erred in denying his Rule 24.035 motion after an evidentiary hearing for ineffective assistance of counsel. Appellant alleges that his trial counsel failed to object during the victim impact testimony when the victim's father and grandmother asked the trial court to give appellant the maximum sentence possible. Appellant argues that § 557.041,[2] which pertains to the rights of victims to appear and make statements during the plea bargain or sentencing portion of a criminal proceeding, strictly limits victim impact testimony to the facts of the case. He contends that here, the witnesses who testified impermissibly exceeded the scope of § 557.041, and but for his trial counsel's failure to object, he would have received a lesser sentence. He does not, however, contend that he would not have pled guilty.

■ To prove ineffective assistance of counsel, the movant must show that: (1) trial counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would display rendering similar services under the existing circumstances; and that (2) he or she was prejudiced by such conduct or lack thereof. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The movant must show a reasonable probability that, but

for his attorney's unprofessional errors, the result of the proceeding would have been different. *State v. Harris*, 870 S.W.2d 798, 814 (Mo. banc 1994), *cert. denied*, 513 U.S. 953, 115 S.Ct. 371, 130 L.Ed.2d 323 (1994).

Movant faces a heavy burden in establishing a claim for ineffective assistance of counsel. Not only must the defendant prove his or her allegations by a preponderance of the evidence, but the defendant must overcome the court's presumption that counsel is competent.

*Yoakum v. State*, 849 S.W.2d 685, 687 (Mo. App.1993) (citations omitted). Reasonable trial strategy will not support an ineffective assistance of counsel claim. *Harris*, 870 S.W.2d at 814.

■ Trial counsel's performance at the sentencing portion of a criminal proceeding is cognizable under Rule 24.035. *Griffin v. State*, 937 S.W.2d 400, 401 (Mo.App.1997). In the context of a guilty plea, prejudice exists when there is a reasonable probability that, but for counsel's errors, the results of the proceeding would have been different. *Id.; State v. Nunley*, 923 S.W.2d 911, 922 (Mo. banc 1996). Thus, after appellant's guilty plea, the effectiveness of his trial counsel is immaterial except to the extent that he would have received a lesser sentence had it not been for his trial counsel's alleged trial error.

■ Appellant bases his claim for ineffective assistance of counsel on language in § 557.041.2, which provides that the victim impact statement "relate solely to the facts of the case and any personal injuries or financial loss incurred by the victim." In this respect, appellant contends that the admission of statements by the victim impact witnesses, who testified that they thought he should receive the maximum sentence possible on his assault charge, violated § 557.041. We disagree.

---

2. Section 557.041.2 states, in pertinent part:

At the time of sentencing of any person who has pled guilty or been found guilty of a felony offense, the victim of such offense may appear before the court personally or by counsel for the purpose of making a statement or may submit a written statement. The statement shall relate solely to the facts of the case and

any personal injuries or financial loss incurred by the victim. A member of the immediate family of the victim may appear personally or by counsel to make a statement if the victim has died or is otherwise unable to appear as a result of the offense committed by the defendant.

With respect to the victim impact evidence that is admissible during a plea bargain or sentencing in a criminal proceeding, we find the Eastern District's holding in *Sharp v. State,* 908 S.W.2d 752, 756 (Mo.App. 1995), to be persuasive. Citing our holding in *Figgins v. State,* 858 S.W.2d 853, 856 (Mo.App.1993), where we held that § 557.041 does not preclude individuals other than the victim from testifying "when appropriate," the *Sharp* court held that

> nothing in the statute precludes a crime victim from making a specific sentencing recommendation if permitted by the court. Although the victim may only have an absolute right to submit a written statement or testimony about the facts of the case and its impact on the victim, the trial court retains its broad discretion to receive any information from any source it deems relevant to the sentencing process, including recommendations as to the appropriate sentence to be imposed.

Thus, the victim impact testimony in the case at bar recommending that the court give appellant the maximum possible sentence did not violate § 557.041.2 and was admissible on the issue of sentencing. Because trial counsel cannot be found to be ineffective for failure to make non-meritorious objections, *State v. Lay,* 896 S.W.2d 693, 701 (Mo.App. 1995), we cannot find that the trial court's finding that appellant did not receive ineffective assistance of counsel is clearly erroneous.

Point denied.

### Conclusion

The motion court's order denying appellant's Rule 24.035 motion is affirmed.

All concur.