**Bertrand A. EICHELBERGER,**
**Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 62785.**

Missouri Court of Appeals,
Western District.

May 25, 2004.

Ruth Sanders, Appellate Defender Office, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Andrea Kaye Spillars, Stephanie Morrell, Office of Attorney General, Jefferson City, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

Bertrand Eichelberger appeals the denial of his Rule 24.035 motion for ineffective assistance of counsel. Eichelberger claims he received ineffective assistance of counsel when his attorney failed to call certain character witnesses at the sentencing hearing held after Eichelberger pled guilty. Because we do not find the motion court's findings and conclusions to be clearly erroneous, we affirm.

### Facts and Procedural History

On August 9, 1999, Bertrand Eichelberger entered an Alford plea of guilty on one count of first-degree statutory sodomy, section 566.062, RSMo 2000.[1] He also pled guilty to one additional count of first-degree statutory sodomy, two counts of first-degree child molestation, section 566.067, and one count of sexual misconduct, section 566.090. He received fifteen-year sentences for each statutory sodomy count, seven-year sentences for each child molestation count, and a one-year sentence for the remaining count of sexual misconduct. All of the sentences were imposed concurrently.

Eichelberger filed a timely *pro se* Rule 24.035 motion. On July 14, 2000, his new counsel filed an amended Rule 24.035 motion alleging that Eichelberger received ineffective assistance when his counsel failed to call certain character witnesses during the sentencing phase of the proceedings. The motion was denied without an evidentiary hearing, but on appeal this court reversed and remanded with instructions that an evidentiary hearing be held. *Eichelberger v. State*, 71 S.W.3d 197, 201 (Mo.App.2002). After the hearing the trial court issued new findings of fact and conclusions of law, once again, denying Eichel-

---

1. All statutory citations are to RSMo 2000, unless otherwise indicated.

berger's motion. He now appeals this determination.

## Standard of Review

█ We will reverse the trial court's action on a Rule 24.035 motion only if we conclude that the court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Adams v. State*, 951 S.W.2d 722, 724 (Mo.App.1997). "Findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made." *Adams*, 951 S.W.2d at 724 (citing *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991)).

## Discussion

A defendant must establish two distinct elements in order to succeed on a motion claiming ineffective assistance of counsel. *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). He must first prove that trial counsel failed to act with the customary skill and diligence of a reasonably competent attorney under similar circumstances and must then prove that he suffered prejudice as a result of counsel's behavior. *Id.* The performance prong carries a strong presumption of sound trial strategy on the part of counsel, which the defendant must overcome by a preponderance of the evidence. *Deck v. State*, 68 S.W.3d 418, 425–26 (Mo. banc 2002) (citation omitted).

To establish prejudice, the defendant must show there is a reasonable probability the outcome would have been different absent counsel's error. *Id.* at 429. Because the alleged error in this case occurred during sentencing, the prejudice prong requires Eichelberger to show there is a reasonable probability he would have received a lesser sentence if his counsel had called the character witnesses.[2] *Adams*, 951 S.W.2d at 724.

After an evidentiary hearing, the trial court made specific findings of fact and conclusions of law denying Eichelberger's motion. Specifically, the trial court found that Eichelberger failed to prove either the performance or the prejudice prong, both of which are required to prove ineffective assistance. *Id.* In his sole point on appeal, Eichelberger argues that the trial court's findings and conclusions were clearly erroneous because his counsel's failure to call certain character witnesses did qualify as ineffective assistance of counsel. We disagree and affirm the trial court's decision denying Eichelberger's motion.

## Counsel acted with the customary skill and diligence of a reasonably competent attorney in similar circumstances.

█ The motion court's finding that Eichelberger failed to prove his counsel rendered ineffective assistance by not investigating[3] or calling certain character

**2.** Though most of the language in *Adams* accurately states that to satisfy the prejudice prong a defendant must show a *reasonable probability* of a different outcome absent counsel's alleged error, the portion of the opinion that outlines the requirement in the specific context of an alleged error that occurred during sentencing uses the phrase "would have received a lesser sentence." *Adams*, 951 S.W.2d at 724. In light of the

Missouri Supreme Court's opinion in *Deck*, however, we know that an outcome determinative test should not be applied in any postconviction setting. 68 S.W.3d at 427.

**3.** Although in the amended Rule 24.035 motion Eichelberger claimed and we discussed in Eichelberger I a failure to investigate witnesses, that complaint is not made in this appeal. We, therefore, confine our review to

witnesses at the sentencing hearing was not clearly erroneous. The findings reflect three reasons why the motion court concluded Eichelberger did not meet his burden: (1) deciding not to call the character witnesses was reasonable trial strategy because counsel believed that calling the witnesses at the sentencing hearing would anger the court; (2) the trial court had before it numerous letters containing the same information that the character witnesses would have testified to, making the testimony cumulative; and (3) putting the witnesses on the stand and exposing them to cross-examination would have diluted the benefit of their testimony.

■ Prior to the sentencing hearing, Eichelberger gave his counsel a list of seventeen potential character witnesses. Just before the hearing took place, counsel told Eichelberger he did not plan to call any of the seventeen individuals. Eichelberger testified at the evidentiary hearing on the Rule 24.035 motion that when he asked his counsel why he did not plan to call the witnesses, counsel responded by saying he did not want to "anger" the court. No evidence was presented at the evidentiary hearing to contradict the reasonableness of this trial strategy other than Eichelberger's own testimony that he believed live testimony would have had a positive impact on the court's decision.

■ Eichelberger's statement simply was not sufficient to overcome the presumption of reasonable trial strategy because "[a]n attorney's decision whether to call a witness to testify as a matter of trial strategy is 'virtually unchallengeable' on appeal." *State v. Nelson*, 895 S.W.2d 289, 295 (Mo.App.1995) (citing *Leisure v. State*, 828 S.W.2d 872, 875 (Mo. banc 1992)). Eichelberger entered an Alford plea of guilty on one count of statutory sodomy, and a pre-sentence investigation report considered by the judge at sentencing revealed that Eichelberger at least partially blamed the victim for what occurred. This evidence could certainly have led the sentencing judge to conclude Eichelberger did not take full responsibility for his actions. The trial court's finding that Eichelberger failed to prove his counsel rendered ineffective assistance was not clearly erroneous in light of the fact counsel did not want to risk angering the judge by calling witnesses who would testify about Eichelberger's excellent character and remorseful nature.

■ Additionally, many of the seventeen individuals wrote letters to the court, all of which relayed the general message of Eichelberger's good character, his efforts to seek forgiveness and prevent a reoccurrence of his criminal behavior, and the support system available to him from his church and family. The letters also contained a plea for leniency in sentencing. In lieu of live testimony, Eichelberger's counsel submitted these letters to the sentencing judge, and the record reflects he considered them before making his decision. After hearing testimony from eight of the seventeen individuals during the evidentiary hearing, the motion court concluded that live testimony would have been cumulative. This finding was not clearly erroneous.

■ At the evidentiary hearing, Eichelberger called eight individuals who he claimed counsel should have called at his sentencing. Four of these individuals had written letters considered by the court during sentencing. A comparison of their

whether counsel's performance was deficient because he failed to call the identified character witnesses at sentencing.

testimony to the content of the letters shows that no novel information would have been presented to the court by calling the witnesses to testify at the sentencing hearing. They all testified to Eichelberger's good character, his willingness to confess and ask for forgiveness, and his support within the church community. Similar evidence was, in fact, presented to the sentencing judge by way of a witness interview contained in the pre-sentence investigation report and by way of Dr. Peterson's testimony. Dr. Peterson, an expert witness called by defendant's counsel, told the court that he believed Eichelberger was unlikely to re-offend and that Eichelberger received a great deal of support from his church friends and family. "[T]rial counsel will not be found ineffective for failing to present cumulative evidence." *State v. Hall*, 982 S.W.2d 675, 686 (Mo. banc 1998).

Upon hearing the cross-examination of the eight character witnesses who testified at the evidentiary hearing, the motion court also concluded that calling the witnesses during the sentencing hearing would have diluted the effect of their testimony. Most of the individuals were unaware of the exact circumstances of the crime, that is, the age of the victim and how many times Eichelberger violated him. When asked, all of the individuals testified that Eichelberger did not confess his crimes and seek help until after the victim's father actually caught Eichelberger in the act of violating the child. The motion court's conclusion that Eichelberger failed to meet his burden of showing counsel acted below the required level of competence was not clearly erroneous. Eichelberger was not prejudiced by his counsel's decision not to call character witnesses at the sentencing hearing.

Although we need not address the issue of prejudice given our finding about counsel's competence, *State v. Phillips*, 940 S.W.2d 512, 522 (Mo. banc 1997) (citation omitted), the record clearly reflects a lack of any prejudice. In addressing the prejudice prong the motion court stated, "After a review of the record, no prejudice was shown since Judge Moran possessed the same character information before him at the time of sentencing." We do not find this conclusion to be clearly erroneous. The sentencing judge was presented with character evidence through letters, a pre-sentence investigation report, and expert testimony. As is apparent from the record, live testimony from the character witnesses would not have added any novel information. Eichelberger was unable to meet his burden of showing a reasonable probability that he would have received a lesser sentence if his counsel had called the character witnesses during the sentencing hearing.

Because Eichelberger failed to prove that his counsel acted below an objectively reasonable standard or that he was prejudiced thereby, we affirm the motion court's decision denying his Rule 24.035 motion.

ROBERT G. ULRICH, Judge, and JAMES M. SMART, JR., Judge, concur.