**Robert R. BOGARD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 73451.**

Missouri Court of Appeals,
Western District.

Jan. 17, 2012.

Kent Denzel, Columbia, MO, for appellant.

Shaun J. Mackelprang and Jayne T. Woods, Jefferson City, MO, for respondent.

Before Division Three: JAMES M. SMART, JR., Presiding Judge, JAMES E. WELSH, Judge and GARY D. WITT, Judge.

GARY D. WITT, Judge.

Robert R. Bogard ("Bogard") appeals the motion court's denial, without an evidentiary hearing, of his Rule 24.035 [1] motion for post-conviction relief. We affirm.

## Factual Background

Robert R. Bogard was charged with the class A felony of distribution of a controlled substance (marijuana) near a school, a violation of section 195.214.[2] Bogard appeared in the Circuit Court of Livingston County and entered a plea of guilty to the charge pursuant to an agreement with the State. The terms of the agreement provided that Bogard would be sentenced to fifteen years in the Department of Corrections but that sentence would be suspended and he would be placed in a 120-day treatment program, under section 559.115, and, subject to successful completion of that program, he was to be placed on a five-year term of probation.

The plea court explained the rights Bogard would be giving up by pleading guilty. Bogard affirmatively agreed to surrender those rights. Bogard explained the factual basis that gave rise to his offense-that an undercover officer came to his home, which was within 2,000 feet of a school, and bought marijuana from him. The prosecutor then relayed the same information to the court. The plea court asked Bogard whether he was satisfied with his attorney. He responded in the affirmative. The plea court asked whether his attorney had done for him all that he had asked of her. Bogard responded that she had. The plea court asked if there was anything else that Bogard would like to request of his attorney. Bogard said no. The plea court asked if he was satisfied with his attorney's advice, and Bogard said yes. Bogard also informed the court that he was satisfied with his prior attorney in the matter, who represented him through his waiver of his preliminary hearing. Bogard denied that he had been threatened or coerced into pleading guilty.

Bogard waived pre-sentence investigation and the trial court found that Bogard's guilty plea was made freely, voluntarily, and intelligently with a full understanding of his rights. The court found that there was a factual basis for his plea and accepted the plea of guilty. The plea court sentenced Bogard in accord with the agreement. Bogard then reiterated his previous statements, pursuant to questioning by the plea court, that he was satisfied with the representation that he had received from both of his attorneys in this matter.

Following multiple treatment programs and multiple hearings regarding probation violations, the court revoked his probation and executed Bogard's previously imposed fifteen-year sentence. On January 14, 2010, Bogard filed a *pro se* Rule 24.035 motion, which was not amended by counsel. The motion court entered findings of fact and conclusions of law, overruling Bogard's motion without an evidentiary hearing. Bogard now appeals.

## Standard of Review

■ Appellate review of the motion court's action under a Rule 24.035 motion

1. All rule citations are to the Missouri Supreme Court Rules (2011), unless otherwise indicated.

2. All statutory citations are to RSMo 2000 as updated through the 2011 Cumulative Supplement, unless otherwise indicated.

is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *see e.g., Eichelberger v. State,* 134 S.W.3d 790, 792 (Mo.App. W.D.2004). " 'Findings and conclusions are deemed clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made.' " *Eichelberger,* 134 S.W.3d at 792 (quoting *Adams v. State,* 951 S.W.2d 722, 724 (Mo.App. W.D.1997)).

## Analysis

■■■ Before we begin, we must address the State's argument that Bogard has waived his claim for post-conviction relief by filing his motion out of time. The State failed to raise this issue before the motion court below. Therefore, we need not consider whether Bogard filed his motion out of time because, even if he did file it out of time, this court has previously held that the State's failure to raise the issue of untimely filing before the motion court constitutes a waiver of the issue by the State. *See Gerlt v. State,* 339 S.W.3d 578, 580–81 (Mo.App. W.D.2011); *Snyder v. State,* 334 S.W.3d 735, 739–40 (Mo.App. W.D.2011).[3] Therefore, the State has waived the issue of untimely filing and we proceed to the merits.[4]

■■■ In his sole point on appeal, Bogard argues the motion court clearly erred in denying his Rule 24.035 motion, without an evidentiary hearing, in that he pleaded facts that are not refuted by the record, and that, if proved, would warrant relief.[5]

To be entitled to an evidentiary hearing on a motion for post-conviction relief: (1) the movant must allege facts—not conclusions—which, if true, warrant relief; (2) the facts alleged must establish that the movant's case was prejudiced; and (3) the facts must not be refuted by the record. *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997). The circuit court may deny an evidentiary hearing if any of these elements is missing. *Wedlow v. State,* 841 S.W.2d 214, 216 (Mo.App.1992).

*Finley v. State,* 321 S.W.3d 368, 371 (Mo. App. W.D.2010).

In his motion, Bogard argued his counsel's representation was ineffective because counsel "refuse[d] to call his wife [and] State witness up for examination, never raised any facts I asked him to do." In its judgment, the motion court found that "the attorney's decisions in these matters were well within his sound discretion as a matter of trial strategy." The motion court also found that Bogard "does not allege how his attorney's actions affected the outcome of his guilty plea or his probation revocation proceeding." The motion court then concluded that Bogard's constitutional rights were not denied or infringed and subsequently denied Bogard's motion.

**3.** We again recognize that this holding is in conflict with the Eastern and Southern Districts of this court. *See Swofford v. State,* 323 S.W.3d 60, 64 (Mo.App. E.D.2010).

**4.** We note that our Supreme Court has recently recognized that the State is not required to file a responsive pleading to a Rule 24.035 motion and the trial court is authorized to review the issue of the defendant's affirmative waiver of his post conviction relief rights on its own motion. *See Cooper v. State,*

356 S.W.3d 148, 153, fn. 2 (Mo. banc 2011). Nothing in this opinion should be read as prohibiting the trial court from reviewing, on its own motion, the timeliness of a defendant's motion under Rule 24.035.

**5.** Bogard claims this violated his rights to due process of law and to effective assistance of counsel, guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, and Article I, sections 10 and 18(a) of the Missouri Constitution.

There are multiple defects in Bogard's motion for post-conviction relief that support the motion court's decision to deny him an evidentiary hearing and reject his motion.[6] First, Bogard's claim is perplexing in that he asserts that counsel was ineffective for refusing to call his wife and other witnesses up for examination when there was no trial. Bogard pleaded guilty. Insofar as we can discern, Bogard's complaint that his attorney "never raised any facts" that he asked his attorney to raise may be generously considered a claim that his counsel was ineffective for her failure to properly investigate. This is problematic, for

> [a] guilty plea generally waives any future complaint the defendant might have about trial counsel's failure to investigate his case. *Sanders v. State*, 770 S.W.2d 447, 448 (Mo.App.1989). In fact, a guilty plea renders a claim of ineffective assistance of counsel irrelevant except to the extent that it affects the voluntariness and understanding with which the movant made his plea. *See Van Ralston v. State*, 824 S.W.2d 75, 78 (Mo.App.1991).

*Simmons v. State*, 100 S.W.3d 143, 146 (Mo.App. E.D.2003). Further, Bogard's claim in this regard is refuted by the record. Bogard's current claim is that his attorney failed to call specific witnesses or raise specific facts, despite Bogard's request that counsel do so. The plea court inquired multiple times as to whether Bogard had *any* dissatisfaction with his attorneys' respective performances. Each time he responded that he had no problem. The plea court *specifically* asked if there was anything that his attorney failed to do that he had asked of her or whether there

was at the time of the hearing anything he wished his attorney to do that she had not done. Bogard responded no, even though his current claim would have been known to him at that time. When a movant pleads guilty and affirmatively states that he is satisfied with his attorney's performance, he is not entitled to an evidentiary hearing regarding his claim that the attorney failed to investigate as requested, because such a claim is refuted by the record. *See id.* at 146; *Holland v. State*, 990 S.W.2d 24, 31 (Mo.App. E.D.1999).

Bogard argues that his responses to the plea court regarding his counsel's performance were not sufficient to refute his allegations. He cites *State v. Driver* to support his position, but that case is of no assistance to his position. *See* 912 S.W.2d 52, 55–56 (Mo. banc 1995). In *Driver*, the Missouri Supreme Court held that general questions regarding counsel's performance were not sufficient to conclusively refute the allegations in a Rule 29.15 motion, thereby bypassing an evidentiary hearing. *Id.* Although the questions asked of Bogard are similar to those asked of the movant in *Driver*, *Driver* is not persuasive. Here, Bogard pleaded guilty and was subject to extensive questioning to determine whether his decision was fully informed and voluntary and to determine whether he was satisfied with counsel. "In [*May v. State* ], this court held that at a plea hearing such as the one in the instant case, the court may give 'numerous opportunities to express dissatisfaction with the performance of counsel' without meeting the *Driver* requirements regarding the specificity of questions." *Morrison v. State*, 65 S.W.3d 561, 564 (Mo.App. W.D.2002) (quoting *May v. State*, 921 S.W.2d 85, 88 (1996)). Here, Bogard had multiple oppor-

---

**6.** We agree with Bogard that there was insufficient evidence in the record to support the motion court's conclusion that actions taken by counsel were within counsel's discretion.

There is no evidence in the record that counsel's actions with regard to her course of investigation, which are disputed by Bogard, were matters of strategy.

tunities to complain about the performance of his counsel regarding counsel's alleged failure to investigate (a complaint of which he should have been aware at the plea hearing). Bogard's allegation that his attorney's performance was insufficient is conclusively refuted by the record.

Also fatal to Bogard's claim is that he failed to allege any sort of prejudice from his counsel's alleged faulty investigation. "To satisfy the 'prejudice' requirement when challenging a guilty plea, the movant must allege facts showing 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Webb v. State,* 334 S.W.3d 126, 128 (Mo. banc 2011) (quoting *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997)). Bogard's motion is devoid of any information concerning (1) what these witnesses would have said or what facts would have been ascertained from them or (2) that the evidence adduced would have persuaded him to proceed to trial instead of pleading guilty. For this reason as well, the motion court's denial of Bogard post-conviction motion was not in error.

## Conclusion

The judgment of the motion court, denying Bogard's motion for post-conviction relief, is hereby affirmed.

All concur.