

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| JONATHON R. VARVIL, | ) | No. ED109838 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Jefferson County |
| vs. | ) | 19JE-CC00527 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Troy A. Cardona |
| | ) | |
| Respondent. | ) | FILED: May 31, 2022 |

Jonathon R. Varvil ("Movant") appeals from the motion court's judgment denying his Rule 29.15[1] amended motion for post-conviction relief after an evidentiary hearing. Movant argues the motion court clearly erred in denying his motion because his counsel was ineffective in failing to call two mitigation witnesses at his sentencing hearing. The judgment is affirmed.

## Factual and Procedural Background

A jury convicted Movant of five counts of first-degree statutory sodomy and one count of first-degree child molestation based on Movant's sexual abuse of two of his then-girlfriend's children. At Movant's sentencing hearing, the State presented statements from one of the victims and the victims' mother. Movant's trial counsel ("Counsel") presented character and mitigation evidence through the testimony of Movant's stepmother, Shannon Varvil ("Shannon"),[2] who stated that Movant had "always been an upstanding father figure to [the victims] and to the son he has

---

[1] All rule references are to the Missouri Supreme Court Rules (2017).

[2] Because multiple individuals with Movant's surname are referenced in this opinion, we refer to them by their first names for clarity. No familiarity or disrespect is intended.

now," that he was the "sole breadwinner of their family," and that the offenses were inconsistent with the individual she knew Movant to be. In his argument to the sentencing court, Counsel highlighted the significant support Movant enjoyed in the community, as evidenced by communications from Movant's sister and by the presence of numerous individuals at the sentencing hearing, including Movant's father, Robert Varvil ("Robert"), and the grandmother of Movant's child, Susan Fessler ("Fessler"). Counsel also emphasized Movant's lack of criminal history, his consistent employment and his positive educational record.

After hearing the evidence, the sentencing court sentenced Movant to a total of 140 years in the Department of Corrections, explaining that Movant's sentences were predominantly based on the impact the crimes had on the victims. This Court affirmed Movant's convictions and sentences on direct appeal. *State v. Varvil*, 575 S.W.3d 246 (Mo. App. E.D. 2019).

Movant filed a pro se Rule 29.15 motion seeking post-conviction relief. Appointed counsel filed an amended motion alleging that Counsel was ineffective in failing to call Robert and Fessler as character or mitigation witnesses. At the evidentiary hearing, Movant testified that he provided Counsel with contact information for family members and friends who could potentially present mitigation evidence, and that Counsel had obtained letters from some of his family members to present to the sentencing court. Counsel testified that he did not call some of the potential witnesses suggested by Movant because they wanted to speak disparagingly about the victims' mother, which Counsel did not believe would be helpful to Movant. Counsel explained that his strategy at sentencing was to focus on "the things that [Movant] has done right over his life and while he was on bond," which Counsel believed was best accomplished through the testimony of

2

Shannon, the sole witness who testified on Movant's behalf.[3]

Counsel testified he had spoken to Robert before the sentencing hearing and that he believed he had asked him to write a letter to give to the sentencing court. Counsel explained that he did not use the letter because it was "too explosive." Robert confirmed at the evidentiary hearing that Counsel had asked him to write a letter, but did not know if it had been presented as mitigation evidence. Robert stated that he spoke to Counsel about testifying at the sentencing hearing and that he was present to testify. He stated that Movant was not a danger to the community and that Movant did "everything he was supposed to" while on bond.

Counsel acknowledged that Fessler might have been "a good witness" and could not remember why he did not call her to testify, other than the fact that "she was hesitant" and "reluctant," possibly due to a falling out between Movant and her daughter. Counsel explained that "a reluctant witness is often not the best witness," and that this played into his reasoning for not calling Fessler at sentencing. At the evidentiary hearing, Fessler stated that she was present at the sentencing hearing and was willing to testify that Movant was "a good person" and a good father, that he was not a danger to the community and that he had not gotten into any trouble during the time he lived with her.

Counsel testified that the witnesses he decided not to call at sentencing had wanted to intimate that the victims' mother was a liar and was making the victims lie about the offenses, as opposed to focusing their testimony on Movant's good character. Counsel believed that, strategically, it was "best to try to lift [Movant] up [rather] than to try to drag [the victims' mother] down." Notably, Counsel testified that, of the testimony Robert would have given, the victims'

---

[3] At the evidentiary hearing, Counsel erroneously testified that Movant's sister spoke at the sentencing hearing. Shannon Varvil, Movant's stepmother, was the only individual to testify on his behalf at sentencing, although Counsel did specifically mention at sentencing contact he received from Movant's sister in support of Movant.

mother "was the focus of a lot of the ire." Counsel testified he "called anyone who [he] thought was helpful and wanted to be there and wanted to say something on [Movant's] behalf."

The motion court—which had also presided over Movant's sentencing—denied Movant's amended motion, explaining that, even taking as true the testimony of Robert and Fessler, Movant could not establish prejudice because the court "would not have altered the sentence ultimately given." This appeal follows.

## Standard of Review

We review the denial of a Rule 29.15 motion to determine whether the motion court's findings and conclusions are "clearly erroneous." Rule 29.15(k); *Wallace v. State*, 573 S.W.3d 136, 141 (Mo. App. E.D. 2019). Findings and conclusions are clearly erroneous if, after reviewing the entire record, we have a "definite and firm impression that a mistake has been made." *Taylor v. State*, 382 S.W.3d 78, 80 (Mo. banc 2012) (quoting *Goodwin v. State*, 191 S.W.3d 20, 26 (Mo. banc 2006)).

## Discussion

In his sole point on appeal, Movant argues the motion court clearly erred in denying his amended motion because he established that Counsel was ineffective in failing to call Robert and Fessler at his sentencing hearing. According to Movant, had at least one of these witnesses testified, there is a reasonable probability he would have received a lesser sentence. We disagree.

When a post-conviction claim is grounded in alleged ineffective assistance of counsel, a movant must show that counsel failed to meet the two-prong test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a movant must show: (1) counsel failed to exercise the level of skill, care and diligence that reasonably competent counsel would have exercised in a similar situation; and (2) prejudice resulted. *Id.* at 687. To establish prejudice in

4

the sentencing context, a movant must show there is a reasonable probability that, but for counsel's deficient performance, he or she would have received a lesser sentence. *Jones v. State*, 631 S.W.3d 682, 689 (Mo. App. S.D. 2021). A movant seeking post-conviction relief bears the burden of proving both deficient performance and prejudice by a preponderance of the evidence. *Wallace*, 573 S.W.3d at 142. If a movant fails to satisfy either *Strickland* prong, we need not consider the other. *Id.* at 142-43.

Here, we need not address the performance prong as Movant has failed to establish that he was prejudiced by Counsel's decision to not present additional character evidence beyond that adduced by Shannon and otherwise presented to the sentencing court. The proposed testimony from Robert and Fessler would not have enhanced the character evidence before the sentencing court in any meaningful way. As noted, Shannon told the sentencing court that Movant was a good father, and Counsel highlighted Movant's strong familial support, as evidenced by the individuals attending the sentencing hearing, including both Robert and Fessler. Counsel also referenced the fact that Movant lived with Fessler while on bond. Further, Counsel presented the sentencing court with argument regarding Movant's ability to be rehabilitated, stressing his lack of criminal history, strong employment record and educational attainment. The sentencing court also received pertinent information regarding Movant's history and behavior from the Sentencing Assessment Report. In sum, the proposed testimony of Robert and Fessler would have been largely cumulative of information already before the sentencing court. Therefore, there is not a reasonable probability that Movant would have received a lesser sentence had Counsel presented their testimony. *See Eichelberger v. State*, 134 S.W.3d 790, 794 (Mo. App. W.D. 2004) (finding no prejudice from failure to call character witnesses at sentencing because the record showed the sentencing court "possessed the same character information before it at the time of sentencing"

through letters, pre-sentence investigation and an expert witness); s*ee also Wallace*, 573 S.W.3d at 143-44.

Moreover, the sentencing court's explanation that the sentences were based predominantly on the impact the crimes had on the victims further confirms that additional evidence regarding Movant's character would not have created a reasonable probability that Movant would have received lesser sentences. *See Roberts v. State*, 356 S.W.3d 196, 203 (Mo. App. W.D. 2011) (finding no prejudice from failure to call character witnesses at sentencing where sentence was based primarily on the "senseless" nature of the crime); *see also Routt v. State*, 535 S.W.3d 812, 819-20 (Mo. App. E.D. 2017). The fact that the motion court had presided over Movant's sentencing placed it in a special position to evaluate the potential effect of additional character or mitigation evidence. And while *Strickland* provides an objective standard, it is nonetheless true that the motion court was in a unique position to conclude that no prejudice resulted from the fact that Counsel did not present the testimony of Robert and Fessler. *See, e.g.*, *Dawson v. State*, 611 S.W.3d 761, 767 (Mo. App. W.D. 2020). Indeed, when the sentencing court and the motion court are one and the same, the conclusion that "character witnesses would not have ameliorated the sentence [is] virtually unchallengeable under the clearly erroneous standard." *Cherco v. State*, 309 S.W.3d 819, 831 (Mo. App. W.D. 2010). The motion court did not clearly err in denying Movant's amended motion.

### Conclusion

For the foregoing reasons, the judgment is affirmed.

_____
MICHAEL E. GARDNER, Presiding Judge

James M. Dowd, J., concurs.
Lisa P. Page, J., concurs.

6