

# In the Missouri Court of Appeals
# Eastern District

DIVISION TWO

| | | |
|---|---|---|
| CHRISTOPHER L. RUSSELL, | ) | No. ED112942 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | Cause No. 23SL-CC02436 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Jason D. Dodson |
| | ) | |
| Respondent. | ) | FILED: September 9, 2025 |

## Introduction

Christopher Russell (Russell) appeals the judgment denying his Rule 29.15[1] amended motion for post-conviction relief. Russell's amended motion alleged (1) trial counsel was ineffective for failing to call a witness who would have provided a viable defense and (2) trial counsel was ineffective for unreasonably failing to object, ask for curative instruction, or request a mistrial after the publishing of police body camera audio. Finding no error, we affirm the motion court's judgment.

## Factual and Procedural Background

Russell and Victim were in a relationship that ended in July of 2020, but maintained communication. On August 18, 2020, Victim picked Russell up to show him her new vehicle. While driving around, Russell saw Victim's former car in front of her new boyfriend's house,

---

[1] All rule references are to the Missouri Supreme Court Rules (2024).

which led them to argue. Russell struck Victim in the face. Victim pulled the vehicle over, got out, and ran to find help. Russell exited the car and pursued Victim.

Victim located a police officer patrolling the area. Victim explained the situation, but she dictated she did not want anything to happen to Russell and did not want police follow up. The police officer helped Victim retrieve her car and leave safely by herself. Victim drove home. Russell contacted Victim by video chat later that night and threatened to kill her and her new boyfriend. Victim locked her door and went to sleep.

Around 4:00 a.m. the next morning, Victim was woken by Russell kicking in her door. Russell aimed a firearm at Victim, told her to take her clothes off, and repeatedly threatened to kill her. Russell physically assaulted, raped, and sodomized Victim. Victim escaped the apartment around 7:40 a.m. and located Officer D.K. nearby. Officer D.K. noted Victim was injured, hysterical, and reporting she had been physically and sexually assaulted. Victim identified Russell as her attacker. Officer D.K. called for EMS before searching Victim's apartment. Victim's apartment was in disarray, but Russell was not there.

EMS transported Victim to the hospital where she received treatment for her injuries. A Sexual Assault Nurse Examiner (Nurse) treated Victim and collected a sexual assault kit, which included a rectal swab, oral swab, outer genital swab, and cervical swab. DNA testing confirmed the presence of male DNA. And while DNA testing could not confirm the identity of the contributor, the DNA profile was consistent with Russell.

A little over a month after the attack, U.S. Marshals arrested Russell in Texas after he contacted Victim through social media. The State charged Russell with first-degree burglary (Count 1), first-degree rape (Count 2), two counts of first-degree sodomy (Counts 4 and 6), three

2

counts of armed criminal action (Counts 3, 5, and 7), two counts of second-degree domestic assault (Counts 8 and 9), and two counts of third-degree domestic assault (Counts 10 and 11).

The case proceeded to jury trial on November 1, 2021. At trial, the State introduced audio from the police body camera containing the interaction between Victim and EMS. Due to a technical difficulty, the audio played a brief scream from Victim. Trial counsel did not object. In the defense case in chief, trial counsel called Russell's brother (C.R.) and C.R.'s girlfriend (H.P.) as alibi witnesses. C.R., H.P., and Russell testified H.P.'s son (N.S.) let Russell into their house sometime between midnight and 2:00 a.m. on the morning of the attack. Further, C.R. and H.P. testified Russell was asleep on the living room floor when they left for work at 6:00 a.m.

The jury found Russell guilty on all counts as charged except on Count 10 where the jury convicted Russell of the lesser-included fourth-degree domestic assault. The trial court sentenced Russell to three consecutive life sentences plus fifteen years imprisonment. This Court affirmed his conviction and sentences in *State v. Russell*, 660 S.W.3d 672 (Mo. App. E.D. 2023). Russell sought post-conviction relief under Rule 29.15, and appointed counsel timely filed an amended motion.

On May 6, 2024, the motion court held an evidentiary hearing. Trial counsel testified he was concerned a portion of the police bodycam audio was prejudicial, but he had stipulated to admission of the video in a pretrial conference. Trial counsel did not object when the Victim's scream was briefly played so as to avoid calling it to the attention of the jury. Additionally, trial counsel testified he interviewed and considered calling C.R., H.P., and N.S. to testify as to Russell's whereabouts at the time of the attack. All three potential witnesses gave the same information regarding Russell's alibi. Trial counsel chose not to call N.S. to testify to avoid cumulative testimony and putting a child on the stand.

The motion court denied Russell's motion for post-conviction relief. This appeal follows.

## Standard of Review

Our review of denial of a Rule 29.15 motion for post-conviction relief is limited to determining whether the motion court's findings and conclusions are clearly erroneous. *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018); Rule 29.15(k). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Dorsey v. State*, 448 S.W.3d 276, 282 (Mo. banc 2014) (internal quotation omitted).

## Discussion

To establish ineffective assistance of counsel and be eligible for post-conviction relief, Russell must satisfy the two-prong *Strickland* test. *Anderson*, 564 S.W.3d at 600. Russell is required to show "by a preponderance of the evidence that (1) trial counsel failed to exercise the level of skill and diligence that reasonably competent counsel would exercise in a similar situation and (2) the movant was prejudiced by that failure." *Dorsey*, 448 S.W.3d at 286-87 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). If Russell fails to satisfy either prong of the Strickland test, then we need not consider the other, and the ineffective-assistance claim fails. *Beck v. State*, 637 S.W.3d 545, 552 (Mo. App. W.D. 2021).

To succeed on the performance prong, Russell "must overcome the strong presumption that [trial] counsel's conduct was reasonable and effective." *Johnson v. State*, 406 S.W.3d 892, 899 (Mo. banc 2013). Russell must establish "specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance." *Zink v. State*, 278 S.W.3d 170, 176 (Mo. banc 2009) (internal quotation omitted). Trial counsel's decisions are only ineffective if they were unreasonable. *Id*. "Strategic choices made after a

thorough investigation of the law and the facts relevant to plausible opinions are virtually unchallengeable." *Dorsey*, 448 S.W.3d at 287 (internal quotation omitted).

To satisfy the prejudice prong, Russell must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

*Point I – Lay Witness*

In Point I, Russell asserts the motion court clearly erred in denying his Rule 29.15 motion because appellate counsel was ineffective by failing to call a witness to provide a viable defense. Specifically, Russell claims trial counsel should have called N.S. to testify he let Russell into C.R.'s apartment at 2:40 a.m. and was in the room with him until the morning. We disagree because counsel used reasonable trial strategy and Russell was not prejudiced.

"To succeed on a claim of ineffective assistance for failure to call a witness, the movant must establish: '(1) trial counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have produced a viable defense.'" *Beck*, 637 S.W.3d at 552 (quoting *Davis v. State*, 486 S.W.3d 898, 909 (Mo. banc 2016)).

Trial counsel's decision not to call a witness to testify "is presumptively a matter of trial strategy and will not support a claim of ineffective assistance of counsel unless [Russell] clearly establishes otherwise." *Weinhaus v. State*, 501 S.W.3d 523, 528 (Mo. App. E.D. 2016) (quoting *McIntosh v. State*, 413 S.W.3d 320, 328 (Mo. banc 2013)). "As a matter of strategy, the decision not to call a witness is 'virtually unchallengeable.'" *Dawson v. State*, 611 S.W.3d 761, 769 (Mo. App. W.D. 2020) (internal quotation omitted). Furthermore, "[t]rial counsel will not be

found ineffective for failing to present cumulative evidence." *Eichelberger v. State*, 134 S.W.3d 790, 794 (Mo. App. W.D. 2004) (quoting *State v. Hall*, 982 S.W.2d 675 (Mo. banc 1998)).

Russell fails to show trial counsel performed ineffectively as counsel employed reasonable trial strategy in choosing to present the testimony of C.R. and H.P. instead of N.S. Russell provided trial counsel with three potential witnesses he claimed could put him at his brother's residence at the time of the attack. Trial counsel interviewed all three potential witnesses and determined they offered the same information.

C.R. and H.P. testified Russell came to their home in the middle of the night, N.S. awakened them to ask permission to let him in, and Russell was asleep on the floor the next morning when they left for work around 6:00 a.m. N.S.'s testimony at the motion hearing matches the evidence given by C.R. and H.P. Russell now argues trial counsel was ineffective because N.S. was the individual who let him into the residence. However, C.R. and H.P. both testified they witnessed Russell sleeping on the floor at the time the attack took place. Therefore, N.S.'s testimony did not add any noncumulative evidence.

Furthermore, trial counsel made the strategic decision not to call N.S. because he was only eleven years old. Trial counsel testified at the motion hearing he did not want to put a child on the stand because there is no way to predict what might happen on cross-examination. Trial counsel instead chose to pursue Russell's alibi by calling two adults to testify to the same information. This was reasonable trial strategy.

Even assuming we found trial counsel to be ineffective, which we do not, Russell fails to show he was prejudiced by trial counsel's decision not to call N.S. The jury heard ample evidence to support the verdict, including Victim's testimony of the attack. Victim recalled the events and identified Russell, whom she was familiar with, as the assailant. Victim was also subject to a

6

thorough cross-examination. Conversely, C.R. and H.P. testified on Russell's behalf and swore they saw Russell on their living room floor at the exact time the attack was taking place. The jury, having heard the competing accounts, convicted Russell. There is nothing in the record suggesting the cumulative testimony of a child witness would have changed the outcome. Point denied.

*Point II - Failure to Object*

In Point II , Russell argues the motion court clearly erred in denying his post-conviction claim trial counsel was ineffective when he failed to object to body camera audio in which Victim could be heard screaming.[2] We disagree.

"[T]rial counsel is not ineffective for failing to make non-meritorious objections." *Zink*, 278 S.W.3d at 188 (internal quotation omitted). Furthermore, mere failure to make a meritorious objection is not ineffective assistance of counsel, but instead "must have been of such character as to deprive the defendant substantially of his right to a fair trial." *Shockley v. State*, 579 S.W.3d 881, 909 (Mo. banc 2019) (internal quotation omitted). Russell must show the failure to object fell below established norms and it likely affected the outcome. *Jones v. State*, 784 S.W.2d 789, 793 (Mo. banc 1990). "Otherwise, failure to object constitutes a procedural default, precluding appellate or collateral relief." *Id.*

Russell fails to show trial counsel performed ineffectively by failing to object to the playing of the bodycam audio. Trial counsel filed a motion in limine to prohibit admission of Victim's hearsay statements. During the pretrial conference on the matter, trial counsel stipulated to a greatly reduced portion of the recording and transcript. At trial, the State played a highly edited and condensed audio recording of the Victim speaking to EMS responders. Due to technical difficulties, the audio was not stopped quickly enough and the victim was briefly heard screaming.

---

[2] Russell challenges only the portion of the audio containing the victim screaming, not the entire video recording.

7

Trial counsel testified at the motion hearing he did not object because he did not want to draw the jury's attention to the scream. Trial counsel did not ask for a mistrial because "if you're not going to get the mistrial, you're not going to object. You're not going to call it to the attention of the jurors." Trial counsel was not sure the trial court would have granted a mistrial, so he chose to let it pass so as not to highlight the scream. Trial counsel's decision not to object or request a curative instruction was reasonable trial strategy.

Further, Russell fails to show prejudice resulting from trial counsel's failure to object. Russell offers only a conclusory allegation the audio of Victim screaming was prejudicial and affected the outcome of the trial.[3] However, the record does not support such a leap. Victim, Officer D.K., and EMS testified to Victim's demeanor at the time of their arrival. There was ample evidence, aside from the brief scream heard in the audio, demonstrating Victim was extremely traumatized because of the attack. Therefore, trial counsel's actions did not deprive Russell of his right to a fair trial.

Because Russell was not prejudiced, his assertion trial counsel was ineffective for failing to request a mistrial is also without merit. "Mistrial is a drastic remedy only to be exercised in extraordinary circumstances where there is no other way to remove the prejudice to the defendant." *Bracken v. State*, 453 S.W.3d 866, 873 (Mo. App. E.D. 2015) (internal quotation omitted). This is not such a case. Point II is denied.

---

[3] We note Russell has not deposited the recording with this Court as required by Rule 81.16. ("If original exhibits are necessary to the determination of any point relied on, they shall be deposited in the appellate court by the appellant. If a party other than appellant has custody of exhibits, appellant may request that party to either deposit the exhibits with the appellate court or deliver them to appellant for deposit with the court."). Exhibits not made part of the record on appeal are considered as unfavorable to the appellant. *Turner v. Jordan*, 655 S.W.3d 791, 795 n.1 (Mo. App. S.D. 2022).

8

## Conclusion

Finding no error in the motion court's judgment, we affirm.

_____
Virginia W. Lay, J.

Michael S. Wright, P.J., concurs.
Philip M. Hess, J., concurs.