Marty L. SPENCER, a/k/a Martin Spencer, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. 27490.

Missouri Court of Appeals, Southern District, Division Two.

Oct. 3, 2006.

Nancy A. McKerrow, Columbia, MO, for appellant.

(Jay) Nixon, Atty. Gen., and Cecily L. Daller, Assistant Attorney General, Jefferson City, MO, for respondent.

GARY W. LYNCH, Judge.

Appellant Marty L. Spencer ("Movant") appeals the denial of his Rule 24.035 [1] post-conviction motion for relief. In his single point on appeal, Movant claims the motion court erred in denying his motion for post-conviction relief because plea counsel's failure to inform him of a conversation she had with the prosecuting attorney and her failure to inform him that if he received a consecutive sentence he could not withdraw his *Alford*[2] plea denied him effective assistance of counsel. Because Movant's claims on appeal were not raised in his

motion and were not presented to the motion court, we cannot review them for the first time here.[3] Movant's point is denied, and the judgment of the motion court is affirmed.

### 1) *Factual and Procedural History*

Movant was originally charged with three counts of statutory rape in the second degree, pursuant to section 566.034, and two counts of statutory sodomy, pursuant to section 566.064, as a prior and persistent offender.[4]

On October 14, 2003 the State, the respondent herein, filed a Third Amended Information charging Movant with a single count of statutory rape in the second degree, in violation of section 566.034, as a prior and persistent offender. On that same day, at Movant's request, a guilty plea hearing was held. At this hearing, Movant was represented by plea counsel Anne Wells. Kevin Babin, a board-certified interpreter from the Missouri Commission for the Deaf and Hard of Hearing, also appeared to act in that capacity for the Movant.[5]

Movant entered a guilty plea to the Third Amended Information pursuant to a plea agreement with the State that provided: (1) Movant would enter an *Alford* plea; (2) Movant would acknowledge being a prior and persistent offender; (3) any sentence imposed by the court would have a fifteen year "cap"[6]; and (4) the court

---

1. References to rules are to Missouri Rules of Court (2006), unless otherwise indicated.

2. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

3. The State raised this issue in its respondent's brief filed in this appeal. Appellant did not file a reply brief or otherwise seek to respond to this issue.

4. All statutory references are to RSMo 2000, unless otherwise indicated.

5. Movant has been deaf since he was two years old. He learned sign language at the School for the Deaf in Fulton, Missouri, and he can read lips to some degree.

6. A "cap" on a sentence in the context of a plea agreement refers to the agreement of the state and the defendant to a maximum sen-

would determine, after hearing argument of counsel, whether the sentence would run consecutively or concurrently with another outstanding sentence Movant was serving.

The plea court stated to Movant that it was its understanding that the arguments counsel were intending to make at the plea hearing were directed toward the length of the sentence, with fifteen years being the maximum, and whether the sentence was going to run consecutively or concurrently to Movant's other sentence. Movant acknowledged that he was under the same understanding. The plea court found Movant's plea of guilty was voluntarily and intelligently made and, after hearing argument of counsel, sentenced Movant to fifteen years to run consecutively with his previous case.

Movant thereafter timely filed a *pro se* motion to vacate, set aside or correct the judgment or sentence, pursuant to Rule 24.035. Counsel was appointed, and an amended motion was timely filed. The amended motion alleged that Movant was denied effective assistance of counsel because he reasonably believed, based on his impaired communications with his attorney and interpreter, that if he entered an *Alford* plea his negotiated fifteen-year sentence in this case would run concurrently with his other outstanding sentence. Following an evidentiary hearing, the motion court issued its findings of fact and conclusions of law denying the amended motion. Movant now appeals.

## 2) Discussion and Decision

Movant's amended motion for post conviction relief asserts that he was denied effective assistance of counsel because he reasonably believed he would receive a fifteen-year sentence to run concurrent

with his other sentence in exchange for his plea. In this motion, Movant claimed such belief was reasonable because his attorney failed to clearly communicate to him the terms of the plea agreement and failed to ensure that Movant understood the terms due to his disability. Additionally, Movant alleged that as a result of the difficulties he had in communicating with his attorney he reasonably believed that counsel had spoken with the judge and received assurances that the sentence would run concurrently with his other sentence.

After the evidentiary hearing, the motion court found that at the time of his plea and sentencing there was no agreement or promise that Movant's sentence would be concurrent with his other sentence and that Movant was informed of this fact by plea counsel. Movant does not challenge these findings on this appeal.

■ Movant's single point relied on states:

The motion court clearly erred in denying Movant's Rule 24.035 motion because a review of the entire record leaves a definite and firm impression that he received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the Unites States Constitution and Article I, Section 18(a) of the Missouri Constitution, because counsel did not act as reasonably competent counsel would have acted in that *she failed to advise Movant that she had spoken with the prosecuting attorney and he would never agree to concurrent time* and *she did not advise Movant that he could not withdraw his guilty plea if the court sentenced him to consecutive time.* The ineffective assistance of counsel that

tence that may be imposed by the court. Under such an agreement, the defendant may urge the court to impose a lesser sentence.

*See Soutee v. State,* 51 S.W.3d 474, 479 (Mo. App.2001).

Movant received rendered his plea unknowing, unintelligent, and therefore involuntary, in that Movant would have gone to trial rather than plead guilty if he had been correctly advised.

(Emphasis added).

Movant's claims on appeal, that counsel was ineffective for not advising him that she had spoken with the prosecuting attorney and for not advising him that he could not withdraw his guilty plea if the court sentenced him to consecutive time, were not raised in Movant's amended Rule 24.035 motion or heard by the motion court. The claims made in the amended Rule 24.035 motion assert that Movant believed, because of poor communication, that either the terms of the plea agreement were for a concurrent sentence or there was an agreement with the judge to impose a concurrent sentence.

This is not the claim on appeal. Here, Movant is not claiming that he believed the plea terms were for concurrent time. Rather, he is claiming that counsel failed to inform him that if the sentence was for consecutive time he could not withdraw his plea. Also, on appeal Movant is not claiming he believed the judge had made a deal to sentence him to concurrent time. Rather, he is claiming counsel should have told him she talked with the prosecutor.

■■■ Rule 24.035(d) provides: "The motion to vacate shall include every claim known to the movant for vacating, setting aside, or correcting the judgment or sentence.... [T]he movant waives any claim for relief known to the movant that is not listed in the motion." When claims on appeal are not asserted in an original or amended Rule 24.035 post-conviction motion, they are waived. *Samuel v. State,* 156 S.W.3d 482, 483 (Mo.App.2005). Claims not presented to the motion court cannot be raised for the first time on

appeal. *Amrine v. State,* 785 S.W.2d 531, 535 (Mo. banc 1990).

Because Movant's claims on appeal were not raised in his original or amended Rule 24.035 motion and were not presented to the motion court, we cannot review them for the first time here. *Samuel,* 156 S.W.3d at 483. Point denied.

### 3) *Decision*

The judgment of the motion court is affirmed.

BATES, P.J., C.J., and BARNEY, J., concur.