**CORRECTED APRIL 28, 2022**



# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| ANDREW KEITH STARK, | ) | |
| | ) | |
| Appellant, | ) | WD84294 |
| | ) | |
| v. | ) | OPINION FILED: April 26, 2022 |
| | ) | |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Jalilah Otto, Judge

Before Division Four: Cynthia L. Martin, Chief Judge, Presiding, Edward R. Ardini,
Judge and Janet Sutton, Judge

Andrew Keith Stark ("Stark") appeals from the motion court's denial of his Rule
29.15[1] post-conviction motion. Stark asserts that the motion court committed clear error
in denying his motion for post-conviction relief because his appellate counsel was
ineffective for failing to raise a claim on direct appeal that the trial court abused its
discretion when it permitted the State to amend its information on the morning of trial, and

---

[1]All rule references are to the Missouri Supreme Court Rules (2018), as applicable at the time Stark's *pro se* motion for post-conviction relief was filed, unless otherwise indicated.

because his trial counsel was ineffective for failing to adequately object that the amended information prejudiced Stark's substantial rights. Finding no error, we affirm.

## Factual and Procedural History

On January 13, 2014 at 10:30 a.m., Officer Sean Allwood ("Officer Allwood"), a police officer for the city of Independence, Missouri, observed Stark driving erratically in a silver Saab in Independence, Missouri near the intersection of 23rd Street and Hall Road. Stark was traveling 75 miles per hour, though the posted speed limit was 40 miles per hour. Officer Allwood observed Stark's vehicle almost hit another car. When Officer Allwood first observed Stark's erratic driving, Stark was in Independence though close to, and traveling in the direction of, the city limits of Kansas City, Missouri.

Officer Allwood activated his emergency lights and sirens and began to pursue Stark. Officer Allwood momentarily lost sight of Stark's car, but continued the pursuit into Kansas City. Stark acted as if he intended to stop his vehicle at 23rd Street and Stark Avenue in Kansas City, Missouri. As a result, Officer Allwood deactivated his emergency sirens and began to pull over. At that point Stark accelerated and drove away. Officer Allwood reactivated his emergency sirens, and continued his pursuit of Stark, with both vehicles reaching speeds in excess of 100 miles per hour. Officer Allwood deactivated his lights and emergency sirens when he reached 23rd Street and Wheeling Avenue in Kansas City, because Stark was not slowing down and the chase was approaching heavier traffic areas. However, Officer Allwood continued driving westbound on 23rd Street, and shortly thereafter observed that Stark had crashed into another vehicle at the intersection of 23rd Street and Hardesty Avenue. Stark fled from his vehicle following the crash. The driver

2

of the other vehicle ("Victim") was killed and two passengers in the Victim's vehicle suffered serious injuries.

Stark was charged by substitute information in lieu of indictment with six counts. In Count I, it was alleged that Stark "committed the Class A Felony of Murder in the Second Degree . . . in that . . . [Victim] was killed in a vehicular collision as a result of the perpetration of the class D felony of Resisting a Lawful Stop under Section 575.150." Stark was alternatively charged in Count I with first-degree involuntary manslaughter in violation of section 565.024.[2] The State also alleged that Stark committed the following: two counts of second-degree assault in violation of section 565.060; resisting a lawful stop by fleeing in violation of section 575.150 ("Count IV"); driving with a revoked license in violation of section 302.321; and leaving the scene of a motor vehicle accident in violation of section 577.060. Count IV was the predicate felony offense charged to support the felony murder charge in Count I.

Stark's case was tried to the court on February 3, 2016. On the morning of trial, the State requested leave to file an amended information ("Amended Information").[3] The requested amendment, which only amended the felony murder charge in Count I of the information, and trial counsel's objection to the State's requested amendment, were as follows:

> [The State]: It amends the language in Count I from -- I believe the original language was, [Victim] was killed in a vehicular collision as a result of the perpetration of the Class D felony of resisting a lawful stop. The State has

---

[2]All statutory references are to RSMo 2000, as supplemented through the date of his offenses in January 2014, unless otherwise indicated.

[3]The underlying criminal case file does not contain the Amended Information. However, it was stipulated that the trial transcript accurately reflects the State's amendment of the information.

added the perpetration and immediate flight therefrom of the Class D felony of resisting a lawful stop.

[Trial counsel]: And just out of an abundance of caution, the defendant would object to the additional language for the reason there is a requirement that the defendant in particular for a charge of felony murder *be given proper and timely notice before trial of the predicate felony*.

And *we believe this nuance of a change*, and I acknowledge it is, *changes the predicate felony* and our ability to prepare. I was literally handed this proposed amendment maybe 15, 20 minutes ago, and I can't identify a prejudice to me right now but that's because I really haven't had time to process it.

I think more appropriately and a more proper and conservative approach would be to *require the State to stay with the original charging language of that predicate felony* as opposed to the additional because the law requires notice and we're not given proper notice in this case.

And[,] it could affect -- because *there is going to be a hotly contested issue of whether or not the officer involved made a lawful stop*. The time of where that occurred is what the case is going to be all about for this Court's determination. So[,] for the record we make that objection.

[The State]: Your Honor*, the State would respond that the predicate offense has not changed. The State still intends to prove the predicate offense of the Class D felony of resisting a lawful stop*. This is a change made mostly to track the language of the statute in terms of what constitutes felony murder once a predicate felony has been proven. And[,] the State put [trial counsel] on notice of the predicate felony of resisting a lawful stop well in advance of today's date.

[Trial court]: Alright.  I will allow the State to file the Amended Information. I think we all know that charging documents can be amended to conform to the evidence before submission. I understand both your points, but I'm going to allow the amendment and let the case go forward.

(Emphasis added.)

The parties stipulated at Stark's trial that the distance between 23rd Street and

Wheeling Avenue (where Officer Allwood deactivated his lights and emergency sirens)

4

and 23rd and Hardesty (the location of the collision) is approximately 2100 feet. The parties also stipulated that at the time of the crash, Stark was traveling at least 53 miles per hour in a 35 mile per hour zone.

Stark was convicted on all six counts. On Count I, Stark was convicted of felony murder based on the predicate felony of resisting a stop (Count IV), and was not convicted of the alternative charge of involuntary manslaughter. Stark's convictions were affirmed on direct appeal by this Court in a *per curiam* order. *State v. Stark*, 550 S.W.3d 134 (Mo. App. W.D. 2018).

On September 25, 2018, Stark filed a timely *pro se* Rule 29.15 motion. The motion court appointed counsel to represent Stark, and on January 9, 2019, appointed counsel filed a timely amended Rule 29.15 motion ("Amended Motion") which raised two claims: (1) that appellate counsel was ineffective for failing to raise on direct appeal that the "trial court clearly erred allowing the State to amend the [i]nformation against [Stark] on the day of trial" and (2) that trial counsel was ineffective for "failing to articulate prejudice[] during his objection or following the trial, when he objected to the State's motion for leave to file an Amended Information." The motion court held an evidentiary hearing where trial counsel, appellate counsel, and Stark testified.

On December 30, 2020, the motion court issued its Findings of Fact and Conclusions of Law ("Judgment") denying Stark's Amended Motion. With respect to the claim of ineffective assistance of appellate counsel, the motion court concluded that Stark failed to establish "that he would have prevailed on appeal had appellate counsel raised the issue" because "the trial court did not [] abuse its discretion in permitting the amendment

5

of the charging document," Stark "was not prejudiced by the amendment," and appellate counsel "is not ineffective for failing to raise a nonmeritorious claim." The motion court explained that section 575.150 "'creates multiple ways of committing the same statutory offense' and it specifically contemplates flight;" moreover, the motion court found that the inclusion of the language "immediate flight therefrom" did not preclude trial counsel from asserting the planned defense of an unlawful stop.

With respect to the claim of ineffective assistance of trial counsel, the motion court concluded that trial counsel adequately articulated "his perceived prejudice to the filing of the Amended Information. However, no actual prejudice did exist" because Stark's substantial rights were not prejudiced because the filing of the Amended Information "did not render his planned defense unavailable, nor did it render inapplicable the evidence supporting that defense." The motion court pointed out:

> Trial counsel [] credibly testified at the evidentiary hearing in this case that ***the planned defense prior to the amendment of the charging document was that [] Stark did not commit the predicate felony of resisting arrest because Officer Allwood's pursuit of [] Stark was not in compliance with the law of fresh pursuit, and [it was] therefore unlawful***. The trial record reflects that [trial counsel] presented this defense in his examination of Officer Allwood, in his post-trial brief to the court, and in his argument to the court. That defense was available prior to and following the amendment of the charging document.

(Emphasis added.)

Stark filed this timely appeal.

## Standard of Review

"Appellate review of the [motion] court's action on [a] motion filed under . . . Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the

6

[motion] court are clearly erroneous." Rule 29.15(k). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Eckert v. State*, 633 S.W.3d 435, 441 (Mo. App. W.D. 2021) (quoting *West v. State*, 605 S.W.3d 607, 610 (Mo. App. W.D. 2020)).

## Analysis

Stark raises two points on appeal. Stark's first point asserts that the motion court clearly erred when it denied his Amended Motion because appellate counsel failed to raise a "meritorious claim that the [State's] last minute amended information violated Rule 23.08 and affected [] Stark's 'substantial rights'" in that the Amended Information undermined his planned defense. Stark's second point argues that the denial of his Amended Motion was also clear error because trial counsel failed to adequately articulate in his objection to the State's request for leave to file an Amended Information that the amendment would violate Stark's substantial rights. We address these points collectively as the resolution of both requires Stark to establish that his substantial rights were prejudiced by the Amended Information.

The standard for a claim of ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). "A claim of ineffective assistance of counsel requires the movant to prove by a preponderance of the evidence both that: (1) 'his or her counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation'; and (2) 'he or she was prejudiced by that failure.'" *Webber v. State*, 628 S.W.3d 766, 770 (Mo. App. W.D. 2021) (quoting *Kelley v. State*, 618 S.W.3d 722, 731 (Mo. App. W.D. 2021)). A movant's failure to establish either prong is

7

fatal to a claim of ineffective assistance of counsel. *Id.* at 770-71 (citing *Dawson v. State*, 611 S.W.3d 761, 769 (Mo. App. W.D. 2020)).

The State's original information alleged in Count I that Stark committed felony murder in violation of section 565.021, in that "[Victim] was killed in a vehicular collision *as a result of the perpetration of* the class D felony of Resisting a Lawful Stop under Section 575.150." (Emphasis added). On the morning of trial, and over Stark's objection, the trial court permitted the State to file an Amended Information that alleged in Count I that Victim was killed in a vehicular collision *as a result of the perpetration or immediate flight therefrom* of the felony of resisting a lawful stop.[4] Though the method of committing felony murder as charged in Count I was amended to include immediate flight from the perpetration of the predicate felony, the charging of the predicate felony in Count IV of the information--the class D felony of resisting a lawful stop under section 575.150--was not changed by the Amended Information.

Stark argues that amendment of the felony murder charge in the Amended Information violated Rule 23.08. Rule 23.08 provides, in pertinent part, as follows:

> Any information may be amended or an information may be substituted for an indictment at any time before verdict or finding if:
>
> (a) No additional or different offense is charged, and
>
> (b) A defendant's substantial rights are not thereby prejudiced.

---

[4]Section 565.021.1(2), contemplates both the perpetration of and flight from the commission a felony, as it provides that a "person commits the crime of murder in the second degree" if he or she:

> Commits or attempts to commit any felony, and, in the perpetration or the attempted perpetration of such felony or in the flight from the perpetration or attempted perpetration of such felony, another person is killed as a result of the perpetration or attempted perpetration of such felony or immediate flight from the perpetration of such felony or attempted perpetration of such felony.

8

. . . .

Stark's Amended Motion did not argue that the Amended Information did not charge an additional or different offense in violation of Rule 23.08(a). Instead, Stark's Amended Motion argued that the Amended Information violated Rule 23.08(b) because his substantial rights were prejudiced.

"The substantial rights an information is designed to further are: (1) to inform the defendant of the charges against him so that he may adequately prepare a defense, and (2) to protect the defendant against double jeopardy." *State v. Nelson*, 505 S.W.3d 437, 443 (Mo. App. W.D. 2016) (quoting *State v. Simpson*, 846 S.W.2d 724, 728 (Mo. banc 1993)). "The test for 'prejudice' under Rule 23.08 is (1) whether a defense to the charge as originally made would be equally available after the amendment, and (2) whether the defendant's evidence would be equally applicable after, as well as before, the amendment." *Id.* (quoting *State v. Messa*, 914 S.W.2d 53, 54-55 (Mo. App. W.D. 1996)). A "trial court's decision to allow an amendment of a charging document [is reviewed] for abuse of discretion." *State v. Seeler*, 316 S.W.3d 920, 925 (Mo. banc 2010) (citation omitted).

Stark acknowledges that in order to establish a violation of Rule 23.08(b), both parts of the aforementioned test must be demonstrated. On appeal, Stark argues that amendment of the felony murder count prejudiced his substantial rights because it rendered "irrelevant" his planned defense "that, at the time of the collision causing [Victim's] death, [Stark] was not resisting arrest because the officer did not have the legal authority to effectuate an arrest in the city limits of Kansas City, Missouri." [Appellant's Br., p. 14]. Stark does not,

9

however, explain how evidence he intended to submit at trial was not equally applicable after the Amended Information was filed. In fact, the motion court found that trial counsel presented Stark's planned defense "in his examination of Officer Allwood, in his post-trial brief to the court, and in his argument to the court." As a result, the motion court found that Stark's planned defense was available to Stark both prior to and following the State's filing of the Amended Information, and that the Amended Information did not "render inapplicable the evidence supporting that defense." Stark's failure to develop any argument in his Brief addressing the second prong of the test required to establish a violation of Rule 23.08(b) is fatal to his appeal. *See Seeler*, 316 S.W.3d at 926 ("If [defendant's] defenses were unavailable under the new information, and the evidence he adduced in cross-examination of the state's witnesses was no longer applicable after the information was substituted, he has been prejudiced."); *State v. Canaday*, 476 S.W.3d 346, 351 (Mo. App. W.D. 2015) ("[I]n order for there to be prejudice, the 'planned defense to the original charge' must become unavailable and the evidence 'no longer applicable after the information was substituted.'" (quoting *Seeler*, 316 S.W.3d at 926)).

Even if we could overlook Stark's failure to address both prongs of the substantial prejudice test applicable to Rule 23.08(b), Stark's claim that the Amended Information deprived him of his planned defense is facially without merit. In response to the State's request to file the Amended Information, Stark's trial counsel noted "there is a requirement that the defendant in particular for a charge of felony murder be given proper and timely notice before trial *of the predicate felony*." Trial counsel further argued that the State should be required "to *stay with the original charging language of that predicate felony*

10

as opposed to the additional because the law requires notice and we're not given proper notice in this case," a concern of particular import because trial counsel advised "there is going to be a hotly contested issue of whether or not the officer involved made a lawful stop." As the State correctly noted in response to trial counsel's argument, "the predicate offense has not changed [by virtue of the Amended Information]. . . . [T]he State put [trial counsel] on notice of the predicate felony of resisting a lawful stop well in advance of today's date."

Relevant to this case, section 575.150.1 provides that:

A person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop or detention, the person:
(1) *Resists the arrest, stop or detention* of such person by using or threatening the use of violence or physical force or *by fleeing from such officer* . . . .

(Emphasis added.) Here, Stark was charged in Count IV with resisting a lawful stop in that:

[O]n or about January 13, 2014, . . . Officer Allwood, a law enforcement officer, was attempting to make a lawful stop of a vehicle being operated by [Stark], and [Stark] knew or reasonably should have known that the officer was making a lawful stop, and, for the purpose of preventing the officer from effecting the stop, *resisted the stop* of [Stark] *by fleeing from the officer* and [Stark] fled in such a manner that created a substantial risk of serious physical injury or death to other persons in that [Stark] drove at an excessive rate of speed while weaving in and out of traffic.

(Emphasis added.)

11

Stark's planned defense was that he was not resisting arrest at the time of the collision causing Victim's death because Officer Allwood was no longer trying to make a lawful stop once he crossed the city limits into Kansas City. This planned defense was a defense to commission of the predicate offense itself, and was as available to Stark pursuant to the original information as it was under the Amended Information. Stated another way, whether, for purposes of the felony murder charge, the Victim's death occurred during the perpetration of, or as Stark was in immediate flight from commission of, the predicate offense, Stark's planned defense to the predicate offense remained unaffected. As a consequence, his planned defense to the charge of felony murder--that he did not commit the predicate offense--remained unaffected by the Amended Information.

Perhaps appreciating this predicament, Stark's Brief more broadly argues that the Amended Information "created a scenario in which the defense had to defend two possible ways for the State to meet the elements of felony murder--one through the perpetration of the underlying felony alleged and the other by the immediate flight from the underlying felony alleged." [Appellants Br., p. 15]. There are two problems with this contention.

First, this contention is tantamount to a claim that the Amended Information violated Rule 23.08(a) because an "additional or different offense" was charged. Yet, Stark's Amended Motion did not allege a violation of Rule 23.08(a). "Claims not presented to the motion court cannot be raised for the first time on appeal." *Polk v. State*, 605 S.W.3d 427, 433 (Mo. App. W.D. 2020) (quoting *Spencer v. State*, 202 S.W.3d 723, 726 (Mo. App. S.D. 2006)). "[T]here is no plain error review in appeals from post-conviction judgments

12

for claims that were not presented in the post-conviction motion." *Id.* (quoting *McLaughlin v. State*, 378 S.W.3d 328, 340 (Mo. banc 2012)).

Second, amendment of the felony murder charge to add reference to flight from perpetration of the predicate offense could not result in charging Stark with an additional or different offense because the predicate offense was charged in a manner that required proof of flight as an essential element of the crime. As noted, *supra*, Count IV charged Stark with resisting a stop "by fleeing" Officer Allwood. In this unusual scenario where the predicate offense itself contains "flight" as an essential element, it cannot be reasonably argued that Stark was first put on notice that "flight" would be an issue he was required to defend when the Amended Information was filed.

The motion court's Judgment and the findings and conclusions therein contained are not clearly erroneous. Because the Amended Information did not violate Rule 23.08, neither trial counsel nor appellate counsel can be deemed ineffective for failing to more effectively object to, or to challenge on appeal, the State's filing of the Amended Information. *Zink v. State*, 278 S.W.3d 170, 188 (Mo. banc 2009) (holding that trial counsel is not ineffective for failing to make a nonmeritorious objection); *West*, 605 S.W.3d at 614 (holding that appellate counsel cannot be deemed ineffective for failing to raise a nonmeritorious claim).

Points One and Two are denied.

## Conclusion

The motion court's Judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur